O’CONNELL, Justice.
This cause has been previously decided by us on its merits. Fla., 84 So.2d 1. There is now before us a motion for attorneys fees filed by the attorney for ap-pellee.
The course of the proceedings are necessary to be detailed and are as follows: Appellee filed a claim for benefits for total unemployment which claim was rejected by the Benefit Department of the Unemployment Compensation Division of the Florida Industrial Commission, and by the Appeals Referee. Appellee then filed application for leave to appeal to the Board of Review, which application was denied. Ap-pellee then filed her petition in the Circuit Court of Dade County for review of the decision rejecting her claim. The Circuit Court reversed the decision denying appel-lee’s claim, held she was entitled to benefits and ordered the Commission to pay $250 attorneys fees. The Commission appealed said order of the Circuit Court and this Court by its opinion filed on December 14, 1955, reversed the Circuit Court, holding that appellee was not entitled to benefits under the Unemployment Compensation-Law.
Thereafter appellee’s attorney filed a motion for attorneys fees for his services in representing the appellee and it is this motion which is now before us.
The attorney in his motion contends that he is entitled to payment of fees under the provisions of 443.16(2) (b) F.S.A., irrespective of the fact that appellee’s claim for benefits was ultimately rejected by this Court.
The pertinent provisions of the statute which we must construe are:
“(b) An attorney at law representing a claimant for benefits in any circuit court of this state or in the supreme court of Florida shall be entitled to counsel fees payable by the commission as fixed by the court in either of the following cases:
“1. Where petition for review or appeal is initiated by any party to such proceeding other than the claimant, or
“2. Where such petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits than did the decision under review or from which appeal was taken.”
The attorney’s contention is that, since the appeal from the order of the Circuit Court was initiated by the Commission, and not the claimant, that he is therefore entitled to have his fees paid by the Commission under the provisions of 443.16(2) (b), par. 1, F.S.A.
The appellant, Florida Industrial Commission, in its brief filed herein on this *5 motion, does not contest the soundness of the contention of the attorney for appellee, nor do we. An opinion is written in this cause for our future guidance and as an aid to the bench and bar in future litigation on this question.
Under the above quoted section of the statutes there is no question that the claimant is entitled to have fees paid to his attorney by the Commission where the claimant has received a favorable ruling in the proceedings before the administrative bodies as provided for in 443.07, F.S.A., and a review of the ruling of the administrative bodies is initiated in the Circuit Court, by a party other than the claimant. This would be true under the provisions of subsection (2) (b), par. 1 above, whether the Circuit Court rendered a decision favorable to or against the claimant. Under the same subsection of the Act attorney’s fees would be due to claimant’s attorney by the Commission if any party other than the claimant, having asked for review in the Circuit Court, received an adverse decision in the Circuit Court and appealed same to this Court. In each case, the review and the appeal would have been initiated by a party other than claimant.
Under subsection (2) (b), par. 2 of the Act above quoted, the claimant’s attorney is entitled to have reasonable fees paid him by the Commission, if he asks the Circuit Court to review an administrative ruling and receives a decision from that court granting more benefits than under the administrative order appealed from. This is also true if he appeals from the Circuit Court to this Court and, on appeal here, receives a decision granting more benefits than given in the order of the Circuit Court.
The provisions of the above quoted section of the Act deserve clarification only in a case such as this before us, i. e. where the claimant initiates the review and wins in the Circuit Court, but some other party to the proceedings appeals the order of the Circuit Court to this Court, and this Court renders a decision awarding the claimant less than he received in the Circuit Court, or reverses the order of the Circuit Court in its entirety.
In order for fees to be awarded to claimant’s attorney in this case we must read the portions of the section, above quoted, in the disjunctive sense and we feel it was so intended. We feel therefore that, in an appeal to this Court by one other than claimant, claimant is entitled to have attorney’s fees paid to his attorney by the Commission for the attorney’s services in the appeal, irrespective of who initiated the first judicial proceeding in the Circuit Court, and irrespective of the outcome of the appeal in this Court.
Under the provisions of 443.16(2) (a), F. S.A., the Legislature limited the fees which can be charged or received by an attorney to those fees approved by the Court or the Commission. Persons seeking the benefits of this Act presumably would not be in a position to obtain an attorney’s services from their own resources. If the Commission were not required to pay reasonable fees for attorneys representing claimants in appeals instituted by the Commission, the claimants would, in all probability, have great difficulty in obtaining services of counsel to protect their awards.
We must conclude that by the subject provisions of the Act, the Legislature intended not to deny a claimant the services of an attorney in appeals such as this, but rather to make it possible for him to have such services in order that the claim might be fairly litigated in this Court, if necessary.
The motion for attorneys fees is therefore granted and appellant is ordered to pay to the attorney for appellee for his services in the appeal to this Court, in this cause, the sum of $350.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.