MILLS, Judge.
Does Section 443.16(2), Florida Statutes (1977), authorize the Industrial Relations Commission to order the payment of fees to attorneys representing unemployment compensation claimants before the Commission from the employment security administration fund?
In the Nichols case, the Commission concluded it did not have authority. In the Porrata and Huertas cases, the Commission reached the opposite conclusion, holding it had authority. We have consolidated the three cases for our review because the same issue is raised in each case.
Section 443.16(2) provides:
(2) FEES.—
(a) No individual claiming benefits shall be charged fees of any kind in any proceeding under this chapter by the commission or division or their representatives, or by any court or any officer thereof, except as hereinafter provided. Any individual claiming benefits in any proceeding before the commission or division, or representatives of either, or a court may be represented by counsel or duly authorized agent, but no such counsel or agent shall either charge or receive for such services more than an amount approved by the commission or division or by the court.
(b) An attorney at law representing a claimant for benefits in any district court of appeal of this state or in the supreme court of Florida shall be entitled to counsel fees payable by the [division] as fixed by the court in either of the following cases:
1. Where petition for review or appeal is initiated by any party to such proceeding other than the claimant, or
2. Where such petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits than did the decision under review or from which appeal was taken.
(c) Attorneys’ fees awarded under this section shall be paid by the division out of employment security administration funds as a part of the costs of administration of this chapter and may be paid directly to the attorney for the claimant in a lump sum.
(d) Any person, firm or corporation who or which seeks or receives any remuneration or gratuity for any services rendered on behalf of a claimant, except as allowed by this section and in an amount approved by the commission or by a court, shall be guilty of a misdemeanor. Any person, firm or corporation who or which shall solicit the business of appearing on behalf of a claimant, or shall make it a business to solicit employment for another in connection with any claim for benefits under this chapter, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.-082 or s. 775.083.
Paragraph (a) of Section 443.16(2) limits the fee an attorney may charge or receive for representing a claimant before the Commission or a court to an amount approved by the Commission or the court.
Paragraph (b) authorizes a district court of appeal or the Supreme Court to fix a fee for counsel representing a claimant before it and to require the Division of Employment Security to pay the fee. Subpara-graphs 1 and 2 limit this authority to cases where review or appeal is initiated by a party other than the claimant or to cases where review or appeal is initiated by the claimant and results in a decision awarding more benefits than the decision reviewed or appealed.
*736 Paragraph (c) directs that attorneys’ fees awarded under this section shall be paid by the division out of employment security administration funds as a part of the costs of administration of this chapter.
Paragraph (b) is the only provision in Section 443.16(2) that provides for an award of attorneys’ fees and provides that the fees shall be paid by the division. This is limited to only two types of cases. Paragraph (a) is restricted to fees charged a claimant by an attorney. It makes no reference to an award of attorneys’ fees. Thus, paragraph (c) which directs that attorneys’ fees awarded under this Section be paid out of the employment security administration fund can only refer to or be applicable to paragraph (b). Therefore, Section 443.16(2) does not authorize the Commission to award attorneys’ fees to attorneys representing unemployment compensation claimants before it to be paid out of employment security administration funds.
Claimants argue that paragraph (c) is ambiguous and unclear, and that we should resolve the ambiguity and lack of clarity in favor of claimants. We do not agree that the provisions of paragraph (c) are ambiguous and unclear. When all of the provisions of Section 443.16(2) are read together, they are unambiguous and clear. If the legislature had intended to provide for the award of fees to attorneys representing claimants before the Commission and to provide for their payment out of the employment security administration fund, it would have used terms like it used in paragraph (b). It would have referred to the award of attorneys’ fees in paragraph (a) rather than to the charges of attorneys, and it would have required the division to pay the fees rather than merely requiring the approval of the charges by the Commission. It would have limited the award of fees to those types of cases set forth in subparagraph (1) and (2) of paragraph (b).
To construe Section 443.16(2) as claimants would have us do would soon bankrupt the employment security administration fund because every attorney representing a claimant before the Commission would be entitled to a fee to be paid from the fund, win, lose or draw. We cannot conceive that the legislature intended this result.
We concede that the purpose of the unemployment compensation act is to lighten the burden which falls upon the unemployed worker and his family. We agree that the legislature has recognized that the unemployment compensation claimant has the need of assistance of attorneys. We acknowledge that many attorneys will be unwilling to accept employment in such cases unless there is a reasonable possibility they will receive a reasonable fee. Nevertheless, we have no authority to legislate. That is the sole authority of the legislature and we should not encroach upon it. This is a matter for the legislature’s consideration.
We deny certiorari in the Nichols case. We grant certiorari in the Porrata and Huertas cases and remand them to the Commission for the entry of orders denying the awards of attorneys’ fees to claimants’ attorneys. We deny attorneys’ fees to all attorneys representing claimants in these three cases before us.
McCORD, C. J., concurs.
BOYER, J., dissents.