566 So.2d 580 (1990)
Michael J. SOLIMANDO, Sr., As Personal Representative of the Estate of Marion Solimando, Deceased, Petitioner,
v.
ALOHA MEDICAL CENTER and William J. Young, M.D., Respondents.
No. 90-01925.
District Court of Appeal of Florida, Second District.
September 5, 1990.
Lisa A. Jayson of L.D. Beltz & Associates, St. Petersburg, for petitioner.
William Duane Wood, III, Tarpon Springs, for respondents.
PER CURIAM.
Michael Solimando petitions this court for a writ of certiorari to review an order of the circuit court which awards attorneys' fees to respondents Aloha Medical center and Dr. William J. Young.[1] We grant the petition.
Respondents were among several defendants sued by Solimando in his capacity as *581 personal representative of the estate of Marion Solimando. In February, 1988, the trial court dismissed Solimando's amended complaint for lack of strict compliance with section 768.57, Florida Statutes (1987).[2] This statute required prospective medical malpractice plaintiffs to notify defendants by certified mail at least 90 days beforehand of their intention to file suit. Solimando sent his notices by regular mail, and some defendants asserted they received no notice at all. Nevertheless the order of dismissal was reversed. Solimando v. International Medical Centers, H.M.O., 544 So.2d 1031 (Fla. 2d DCA), rev. dismissed, 549 So.2d 1013, 550 So.2d 467 (Fla. 1989), 557 So.2d 866 (Fla. 1990). This court held, inter alia, that principles of estoppel and waiver may be considered by the trial court to excuse noncompliance with the statute.
While review was pending in the supreme court Solimando settled with the remaining defendants and took a voluntary dismissal against respondents. Respondents then moved for attorneys' fees pursuant to section 57.105, Florida Statutes (1989). The trial court granted the motion. Its order does not specifically state that Solimando's complaint was frivolous, but an award under section 57.105 is improper absent such a determination. Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987); Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982). We find no indication from the record that this case involves such a total lack of justiciable issues. The voluntary dismissal against respondents is not in and of itself a concession of inability to present a colorable case. Executive Centers of America, Inc. v. Durability Seating and Interiors, Inc., 402 So.2d 24 (Fla. 3d DCA 1981). In fact, the previous appeal in this case and subsequent settlement indicate that Solimando's claim was not entirely frivolous, at least as to some of the defendants. Cf. Fireman's Fund Ins. Co. v. Rojas, 447 So.2d 1023 (Fla. 3d DCA 1984).
Accordingly, the petition for writ of certiorari is granted, the order under review is quashed, and this matter is remanded to the circuit court for further proceedings consistent with this opinion. After remand the trial court should determine whether Solimando's claim against the respondents is wholly without basis in law or fact. If so, it should enter a proper order to that effect; if not, it should deny respondents' motion for fees.
Certiorari granted.
SCHOONOVER, C.J., and SCHEB and THREADGILL, JJ., concur.
NOTES
[1] Certiorari is employed to review this order because it was entered after a non-final and unappealable voluntary dismissal. Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1968); delReal v. Dawson, 320 So.2d 20 (Fla. 4th DCA 1975).
[2] This section has since been renumbered as § 766.107, Fla. Stat. (1988).