589 So.2d 917 (1991)
KEY WEST POLO CLUB DEVELOPERS, INC., etc., Appellant,
v.
TOWERS CONSTRUCTION COMPANY OF PANAMA CITY, INC., etc., Appellee.
Nos. 90-2673, 90-2679, 91-263.
District Court of Appeal of Florida, Third District.
August 13, 1991.
As Amended on Grant of Rehearing December 17, 1991.
Broad and Cassel and Brenda Lee London and Robert D. Gatton, Miami, for appellant.
Pennington, Wilkinson, Dunlap, Bateman & Camp and Davisson F. Dunlap and David La Croix, Tallahassee, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
As part of the litigation between Key West Polo Club Developers, Inc. (Polo Club) and Towers Construction Company of Panama City, Inc. (Towers) concerning Towers' halt in the construction of certain apartments, the Polo Club filed a complaint against Towers for recording a fraudulent and exaggerated lien. The Polo Club argued that Towers was estopped from proceeding with its lien claim due to the construction company's executed waiver and release of lien.
At the evidentiary hearing on that claim, the president of the Polo Club made contradictory statements, and ultimately invoked the fifth amendment. Immediately thereafter, counsel for the Polo Club voluntarily dismissed its action. Towers then sought fees pursuant to sections 57.105 and 713.31(1), Florida Statutes (1989). See Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984) (when the legislature has specifically defined attorney's fees as part of costs, assessment of attorney's fees after a case has been voluntarily dismissed is within the purview of Florida Rule of Civil Procedure 1.420(d), providing for the assessment of costs upon dismissal); see also Bay View Inn, Inc. v. *918 Friedman, 545 So.2d 417 (Fla.3d DCA 1989).
Section 57.105 authorizes an award of reasonable attorney's fees where the court finds a complete absence of justiciable issue of either law or fact raised by the complaint or the defense. Section 713.31 permits "any ... appropriate legal or equitable remedies" in the case of fraud or collusion by an owner or lienor aimed at depriving a lienor of benefits due. Upon a finding that the Polo Club's president had fraudulently executed the purported waiver and release, the court awarded attorney's fees to Towers pursuant to both sections.
We find attorney's fees were authorized under section 57.105. Absent the Polo Club's spurious evidence, no justiciable issue was either pleaded or argued. We do not agree that fees were also authorized pursuant to section 713.31. Florida clearly follows the "American Rule" under which attorney's fees may be awarded only where specifically authorized by contract or statute. See Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956); see Cook v. Deltona Corp., 753 F.2d 1552 (11th Cir.1985); Perkins State Bank v. Connolly, 632 F.2d 1306, 1312 (5th Cir.1980). We will not read such authorization into this statute since it makes no such specific provision.
While we affirm that Towers is properly due attorney's fees, the case must be remanded because the procedure outlined in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), as required for an award of fees pursuant to section 57.105, was not followed. The court did not set forth how it arrived at the $75,000 fee figure it awarded, nor did it set forth the reasonable number of hours for which compensation was owed, nor did it set forth the reasonable hourly rate at which Towers' attorney was to be compensated. Under Rowe, the trial court must set forth specific findings and state the grounds upon which the fee awarded is based. Id. at 1151. See Lara v. Fortune Ins. Co., 545 So.2d 909 (Fla.2d DCA 1989). Accordingly, we reverse the amount awarded and remand for an evidentiary hearing after which the trial court should apply the analysis outlined in Rowe.
Affirmed in part, reversed in part.