638 So.2d 82 (1994)
Betty T. CHEUNG, Warren Madison, and Carmen E. Benitez, Appellants,
v.
EXECUTIVE CHINA DORAL, INC., Williams Island Country Club, Girlfriday, Inc., and Florida Unemployment Appeals Commission, Appellees.
Nos. 93-1220, 93-1224 and 93-2174.
District Court of Appeal of Florida, Third District.
March 8, 1994.
Rehearing Denied July 12, 1994.
Thomas Eugene Zamorano, Legal Services of Greater Miami, Inc., for appellants.
Michael M. Metz, Tallahassee, and Karen Kugell, Ft. Lauderdale, for appellees.
Before BASKIN, LEVY and GERSTEN, JJ.
LEVY, Judge.
In these consolidated cases, three unemployment benefits claimants seek review of the awards of attorneys' fees granted them by the Unemployment Appeals Commission. We vacate the orders under review.
Betty Cheung, Warren Madison, and Carmen Benitez [the claimants] each successfully litigated their right to unemployment benefits in this Court, after being denied benefits by the Unemployment Appeals Commission. See Cheung v. Executive China Doral, Inc., 617 So.2d 403 (Fla. 3d DCA 1993); Madison *83 v. Williams Island Country Club, Ltd., 606 So.2d 687 (Fla. 3d DCA 1992); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992). After the substantive disposition in each of these cases, this Court awarded each claimant appellate attorneys' fees pursuant to Section 443.041(2)(b)2., Florida Statutes (1991).[1]
Each claimant then moved the Commission to set the amount of attorneys' fees pursuant to this Court's orders. The motions were supported by affidavits from each claimant's lawyer, stating the number of hours expended on each case. Each claimant also offered an affidavit from an attorneys' fee expert, in which the expert opined as to the reasonableness of the number of hours expended by counsel, and opined as to a reasonable hourly rate for the services provided. In opposition to each of the motions for attorneys' fees, the Division of Unemployment Compensation [the Division] offered two of its own affidavits. One affidavit was from the Chief of the Division's Bureau of Appeals. This affidavit consisted of a list of past awards of attorneys' fees approved by the Commission in cases spanning from 1980 to the present. The Division's other affidavit was from its own attorneys' fee expert, who happened to be a former Division employee. In these affidavits, the Division's expert opined as to a narrow range for a reasonable total fee for the case. In each instance, this narrow range was substantially lower than the fee requested by the claimant. None of the Division's affidavits contained an opinion as to a reasonable number of hours or a reasonable hourly rate for the legal services provided.
In each of the three cases, the Commission entered a lump-sum attorneys' fee award, which equalled the low end of the range for a reasonable fee as opined by the Division's expert. Significantly, none of the fee orders addressed how the fee had been calculated, made any findings as to its reasonableness, or as to the reasonableness of the hours or rate requested by the claimants.[2] The claimants each moved for review of their fee award in this Court, and the cases were consolidated. See Fla.R.App.P. 9.400(c); Zaremba Florida Co. v. Klinger, 550 So.2d 1131, 1132 (Fla. 3d DCA 1989).
The claimants argue that the Commission erred by failing to apply the lodestar method of setting attorneys' fees as explained in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), and its progeny. We agree.
Attorneys' fees may be awarded only when authorized by statute or contract. State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 832 (Fla. 1993). The attorneys' fees awarded here were authorized pursuant to Section 443.041(2)(b). This section of the statute provides for "counsel fees" for litigation at the district court of appeal level or higher, when such litigation results in increased benefits for the claimant. § 443.041(2)(b)2., Fla. Stat. (1991); Nichols v. Industrial Relations Comm'n, 364 So.2d 734, 735 (Fla. 1st DCA 1978).
Noticeably absent from the statute, however, is any legislative guidance regarding the factors to be evaluated in calculating counsel fees. "Where the legislature is silent on the factors it considers important in determining a reasonable fee, courts may look to the criteria enumerated in rule 4-1.5 of the Rules Regulating The Florida Bar, and may apply Rowe risk multipliers where appropriate." Schick v. Department of Agric. and Consumer Servs., 599 So.2d 641, 643 (Fla. 1992) (footnote omitted). When a statute authorizes attorneys' fees, but gives no criteria by which to award those fees, resort to common law principles regarding the awarding of attorneys' fees is appropriate. *84 See Rowe, 472 So.2d at 1150 ("[I]t is incumbent upon this Court to articulate specific guidelines to aid trial judges in the setting of attorney fees."). Compare Key West Polo Club Developers, Inc. v. Towers Constr. Co. of Panama City, Inc., 589 So.2d 917, 918 (Fla. 3d DCA 1991) (applying Rowe where statute, section 57.105, authorizes fee but does not give guidelines for setting the fee) with Mirlisena v. Chemlawn Corp., 567 So.2d 986, 987 (Fla. 1st DCA 1990) (declining to apply Rowe where statute, section 440.34(1), enumerates guidelines for setting the fee). Recognizing that the lodestar approach is the basic starting point when a court is called upon to award a fee, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 833 (Fla. 1990), we hold that in setting an attorneys' fee under Section 443.041(2)(b), Rowe and its progeny are to be followed.[3]
In these three cases, the dictates of Rowe were plainly not followed, requiring us to vacate the orders under review.[4] Since further proceedings will be required, we deem it in the best interests of the litigants, as well as judicial economy, to address a further issue: the contingency risk factor, i.e., the multiplier.
"One of the purposes of Rowe was to encourage attorneys to take cases under contingency-fee arrangements, thereby making legal services more widely available to those who otherwise could not afford them." Lane v. Head, 566 So.2d 508, 510 (Fla. 1990). As a general matter, claimants may encounter difficulties obtaining counsel to pursue appellate litigation of unemployment benefits claims. Unemployment claimants are, by definition, unemployed, and often will not be in a financial position to retain an attorney. Florida Indus. Comm'n, Unemployment Compensation Div. v. Ciarlante, 89 So.2d 3, 5 (Fla. 1956). This conclusion is supported by the observation that all three claimants here are represented through Legal Services of Greater Miami. The difficulty in obtaining appellate counsel is also reflected in the large number of unemployment claimants who appear before us unrepresented by counsel.
Furthermore, one of the purposes behind fee-authorizing statutes, such as the one at issue here, is "to encourage individual citizens to bring civil actions that enforce statutory policy." Quanstrom, 555 So.2d at 833. The express statutory policy of the Unemployment Compensation Law is to provide an economic safety net for "persons unemployed through no fault of their own." § 443.021, Fla. Stat. (1991); Nichols, 364 So.2d at 736. The availability of a multiplier, which will have the residual effect of making legal representation more readily available to unemployment benefits claimants, significantly furthers this public policy. Consequently, we hold that the use of a multiplier is generally available in cases under Section 443.041(2)(b).[5]
Finally, we address an important procedural point not addressed by the parties. Section 443.041(2)(b) authorizes "counsel fees payable by the division as fixed by the court." [emphasis supplied]. Since the fees here are for litigation in this Court, and there is no other court involved in these cases, we interpret this statutory language as requiring that we set the amount of the fee. Accord Nichols, 364 So.2d at 735 ("Paragraph (b) authorizes a district court of appeal ... to fix a fee for counsel representing a claimant before it... ."). However, since we do not normally conduct evidentiary hearings, we believe that the appropriate procedure under this statute is for us to appoint a Commissioner of this Court, such as a Circuit or County court judge, in order to hear evidence, make specific findings as required by Rowe, and to render recommendations *85 regarding attorneys' fee orders.[6] Accordingly, a separate order shall be issued appointing a Commissioner.
The claimant's motions for review are granted, and the attorneys' fee orders under review are vacated.
NOTES
[1] The statute provides:

(b) An attorney at law representing a claimant for benefits in any district court of appeal of this state or in the Supreme Court of Florida shall be entitled to counsel fees payable by the division as fixed by the court in either of the following cases:
1... .
2. Where such petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits than did the decision under review or from which appeal was taken.
[2] For example, claimant Cheung's order stated, "Upon consideration of counsel's motion and supporting affidavits and affidavits submitted on behalf of the Division, the Commission approves a fee in the amount of $3,000."
[3] Our holding specifically applies only to appellate fees under subpart (2)(b) of the statute.
[4] We reject the argument that any deficiencies in the Commission's orders constitute harmless error. See Jones v. Associates Fin. Inc., 565 So.2d 394, 394 (Fla. 1st DCA 1990) ("The requirements of Rowe are mandatory and the failure to make the requisite findings constitutes reversible error.").
[5] While these three claimants asked for a multiplier before the Commission, they specifically did not request or argue the applicability of a multiplier before this Court. Consequently, we hold that they have waived the right to a multiplier in these three cases.
[6] We reject any contention that, based upon Florida Rule of Appellate Procedure 9.400(b), remand to the Commission for the determination of the fees is the appropriate procedure at this point. Rule 9.400(b) generally governs the award of costs and attorneys' fees in this Court, and states that "[t]he assessment of attorneys' fees may be remanded to the lower tribunal." [emphasis supplied]. The permissive language of the rule, coupled with the mandatory language of section 441.043(2)(b) directing the court to fix the fee, compels the appointment of a Commissioner.