700 So.2d 65 (1997)
Xavier J. FERNANDEZ and Chiro Insurance Services, Inc., Appellants,
v.
CHIRO RISK MANAGEMENT, INC., Southern Brokerage Systems, Inc., Ken Snyder and Jo Ann Hambruch, jointly and severally, Appellees.
No. 96-03082.
District Court of Appeal of Florida, Second District.
September 24, 1997.
Rehearing Denied October 7, 1997.
Louis S. St. Laurent II, Coral Springs, for appellants.
Robert T. Maher, Robert T. Maher, P.A., Fort Myers, for appellees.
PER CURIAM.
The appellants, Xavier J. Fernandez and Chiro Insurance Services, Inc., challenge the award of attorney's fees and costs entered in favor of the appellees, Southern Brokerage Systems, Inc. (SBS), Jo Ann Hambruch, and Ken Snyder.
Appellants were the plaintiffs below and filed a multi-count complaint against the appellees. Appellants were ultimately unsuccessful in their litigation. The appellees filed a motion for attorney's fees and costs, and the trial court entered an order finding they were entitled to attorney's fees and costs. There was a subsequent hearing to determine the amount of fees. The trial court in a separate order awarded attorney's fees of $12,075 to all three appellees pursuant to section 772.11, Florida Statutes (1991). Appellee Ken Snyder was awarded attorney's fees of $18,881.50 pursuant to section 57.105, Florida Statutes. Finally, appellee SBS was awarded $3,450.75 in court costs. Appellants filed a timely notice of appeal.
We find that the trial court erred only in awarding attorney's fees to appellee Snyder pursuant to section 57.105. In all other respects, we affirm the award of attorney's fees and costs to the appellees.
We agree with the appellants' contention that the trial court erred in granting attorney's fees to appellee Snyder pursuant to section 57.105 because the court failed to make a specific finding that there was a complete absence of a justiciable issue of either law or fact raised by appellants. In awarding attorney's fees pursuant to section 57.105, the court must find a complete absence *66 of a justiciable issue of law or fact raised by the losing party. Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla. 1982). An order assessing section 57.105 attorney's fees without this finding is technically deficient and must be reversed. Id. at 506.
Since the trial court did not make this required finding, the case is remanded to the trial court to make this determination. Solimando v. Aloha Medical Center, 566 So.2d 580 (Fla. 2d DCA 1990). If there is a complete absence of justiciable issues, the court should enter a proper order to that effect, and if not it should deny the motion for section 57.105 fees. Id. at 581.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.