789 So.2d 1008 (1998)
David T. BERRY, Appellant,
v.
SCOTTY'S, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 97-00355.
District Court of Appeal of Florida, Second District.
April 8, 1998.
*1009 Enrique Escarraz, III, St. Petersburg, for Appellant.
William T. Moore, Unemployment Appeals Commission, Tallahassee, for Appellee Unemployment Appeals Commission.

ON MOTION FOR ATTORNEYS' FEES
PER CURIAM.
Pursuant to section 443.041(2)(b), Florida Statutes (1995), David T. Berry has requested attorneys' fees in his appeal from an order of the Unemployment Appeals Commission (UAC). The UAC denied his claim for unemployment compensation, and we reversed that order in a separate, written opinion. See Berry v. Scotty's, Inc., 711 So.2d 575(Fla. 2d DCA 1998). We grant Mr. Berry's entitlement to attorneys' fees and relinquish jurisdiction of the case to the appeals referee for further proceedings consistent with this opinion.
Section 443.041(2)(b) provides:
An attorney at law representing a claimant for benefits in any district court of appeal of this state or in the Supreme Court of Florida is entitled to counsel fees payable by the division as fixed by the court if the petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits than did the decision from which appeal was taken. The amount of the fee may not exceed 50 percent of the regular benefits awarded under s. 443.111(4)(a) during the benefit year.
Where a statute provides for an award of appellate attorneys' fees, and the lower tribunal is a circuit or county court, this court grants entitlement to an award of fees and remands the case to the trial court to determine the amount of the award. See Branch v. Charlotte County, 627 So.2d 577 (Fla. 2d DCA 1993). Section 443.041(2)(b) is unusual because it provides for an award of attorneys' fees incurred by a successful claimant on appeal, like Mr. Berry, but directs the appellate court to "fix" the award.
In its analysis of this statute, the Third District has observed that section 443.041(2)(b) offers no criteria for determining such an award. See Cheung v. Executive China Doral, Inc., 638 So.2d 82 (Fla. 3d DCA 1994). Cf. § 440.34(1), Fla. Stat. (1995) (providing for award of attorneys' fees in workers' compensation proceedings and setting forth factors compensation claims' judges must consider in making that award). In Cheung, the Third District interpreted section 443.041(2)(b) as permitting the appellate court to determine entitlement to attorneys' fees, and then to appoint a circuit or county judge, as commissioner, to hear evidence, make findings, and recommend the amount of the award. See 638 So.2d at 84. Because the statute does not provide guidance on determining the amount of the award, the Third District held that the common law principles in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), were applicable. See 638 So.2d at 83.
We agree with the Third District that Rowe and its progeny should be utilized to determine an appropriate fee under this statute. However, rather than appoint a judge as commissioner to determine the attorney's fee issue in an administrative matter that is normally outside the trial courts' jurisdiction, we prefer to relinquish jurisdiction to the appeals referee to conduct further proceedings on the matter. Appeals referees will be more familiar with the factors necessary to apply Rowe in this setting. Moreover, Florida Administrative Code Rule 38E-5.009 expressly implements section 443.041(2), and provides:
(1) Any attorney or authorized representative who represents a claimant in *1010 any proceeding governed by these rules shall disclose orally on the record, or by post hearing motion, the amount, if any, the claimant has agreed to pay for his services. The attorney or representative shall also disclose the hourly rate charged or other method used to compute the proposed fee and the nature and extent of the services rendered.
(2) The appeals referee shall approve, reduce, or deny the proposed fee by written order which may be included in the decision upon the merits of the appeal.
Accordingly, in granting Mr. Berry's motion for attorneys' fees, we relinquish jurisdiction of the matter to the appeals referee for thirty days. In the event the parties are able to stipulate to an amount, they shall file that stipulation with this court. If the parties cannot stipulate to an award, then the appeals referee shall hold an evidentiary hearing, and thereafter file with this court a recommended order, with findings and conclusions consistent with the Rowe principles. If it appears that the proceedings will require more than thirty days, then the parties shall notify this court of the status. Upon receiving the parties' stipulation or the appeals referee's recommended order, this court, consistent with our statutory duty to "fix" the amount, will issue an order setting the amount of the award.
Motion granted, and jurisdiction relinquished to appeals referee for thirty days to conduct further proceedings consistent with this opinion.
DANAHY, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.