712 So.2d 839 (1998)
Jack DANIELS, Appellant,
v.
Evely REEVES, Appellee.
No. 97-2292.
District Court of Appeal of Florida, First District.
July 9, 1998.
James J. Egan, Jacksonville, for Appellant.
Jerry G. Traynham of Patterson & Traynham, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of an order, entered after an order dismissing his third amended complaint with prejudice, directing him to pay attorney fees to appellee, apparently pursuant to section 57.105, Florida Statutes (1995). Notwithstanding appellant's argument to the contrary, we conclude that the trial court had jurisdiction to address appellee's renewed motion for attorney fees, filed sixteen days after entry of the order dismissing the action. See Ganz v. HZJ, *840 Inc., 605 So.2d 871 (Fla.1992). However, because the order awarding attorney fees contains no findings of fact, we are constrained to reverse. See, e.g., Glisson v. Jacksonville Transp. Auth., 705 So.2d 136 (Fla. 1st DCA 1998); Fernandez v. Chiro Risk Management, Inc., 700 So.2d 65 (Fla. 2d DCA 1997); Mickler v. Graham, 611 So.2d 93 (Fla. 1st DCA 1992). On remand, if the trial court again concludes that an award of attorney fees is appropriate, it shall recite in its order the facts upon which it bases that conclusion.
REVERSED and REMANDED, with directions.
BARFIELD, C.J., and KAHN and WEBSTER, JJ., concur.