848 So.2d 1239 (2003)
Connie S. AYERS, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION and Specialty Shoes, Appellees.
No. 4D02-1416.
District Court of Appeal of Florida, Fourth District.
July 9, 2003.
Gordon R. Leech of Wiederhold, Moses & Rubin, P.A., West Palm Beach, for appellant.
John D. Maher, Tallahassee, for Appellee-Unemployment Appeals Commission.
STONE, J.
Ayers appeals an order of the Unemployment Appeals Commission that rejected the referee's award and held that Ayers was disqualified from receipt of unemployment benefits. We reverse.
The UAC erred in rejecting the findings and conclusions of the appeals referee that Ayers had left her employment for good cause based on a good faith belief that her employer was acting illegally in its Medicare billing practices.
*1240 Ayers worked for Specialty Shoes, a supplier of medical shoes and orthotics for people with diabetes. Specialty Shoes would get a list of patients from a doctor's office or nursing home and would check each patient's eligibility for Medicare or Humana coverage. Specialty Shoes would give the list to its shoe fitter who sees the patient for fitting the shoes. It would then bill Medicare and deliver the shoes to the patient. Ayers was hired in an administrative capacity, with the assigned duty of overseeing two other staffers, one of whom handled the billing. When the two employees were fired, Ayers took over the Medicare billing responsibilities.
The referee accepted the testimony that Ayers immediately determined something was wrong with the billing procedures and confirmed that Specialty Shoes was billing for shoes that had not been delivered. Ayers notified Peggy Hester, the owner, and Hester promised to start billing properly. When Ayers saw no change in the billing practices, she again spoke with Hester, who told her she was trying to get it under control. Ayers also contacted a Medicare benefits administration unit and initiated an investigation into the employer's billing practices. Ayers then quit, fearing that she could be held liable if the billing practice was deemed to be Medicare fraud.
At the hearing, Hester acknowledged that there were problems with billing that were subsequently resolved and that she, alone, was ultimately responsible for any alleged wrongdoing. She testified that some patients were fitted for shoes who were bed-ridden and other shoes were delivered to individuals who were deceased. Hester also testified to other Medicare billing mistakes.
The appeals referee found that Ayers had acted reasonably and showed good cause attributable to Specialty Shoes in connection with her quitting, that there was a good faith basis for her conclusions, and that Hester's assurances that she would take steps to rectify the situation only reinforced those conclusions.
Specialty Shoes appealed the decision of the appeals referee to the UAC and the UAC found that the referee's decision was not supported by the record. The UAC decided Ayers did not have good cause to quit because the employer was no longer requiring Ayers to perform the billing responsibilities at the time she quit. As further evidence for its conclusion, the UAC noted that Specialty Shoes' practices had not officially been found to be illegal or unethical.
Under the applicable statute, a resigning employee is disqualified for unemployment compensation by abandoning work without good cause attributable to the employer. § 443.101(1)(a)(1), Fla. Stat. (2002). Whether good cause exists in a particular case, however, is a question of fact within the province of the appeals referee. See Campeanu v. Fla. Unemployment Appeals Comm'n, 629 So.2d 1015 (Fla. 4th DCA 1993).
The referee's fact findings must be upheld by the commission where supported by competent, substantial evidence in the record and in compliance with the essential requirements of law. Maynard v. Fla. Unemployment Appeals Comm'n, 609 So.2d 143, 145 (Fla. 4th DCA 1992); Greseth v. Dep't of Health & Rehab Servs., 573 So.2d 1004, 1005 (Fla. 4th DCA 1991). "It is well settled that the UAC cannot reweigh the evidence, modify the referee's factual findings, or substitute its factual findings for those of the referee unless the UAC determines that the referee's findings were not based on competent substantial evidence." Wall v. Unemployment *1241 Appeals Comm'n, 682 So.2d 1187, 1188 (Fla. 4th DCA 1996).
Here, there is record support for the referee's conclusion that Ayers reasonably believed that she was engaged in illegal practices that would expose her to liability. Clearly, an employer's requiring an employee to perform acts which the employee reasonably believes violate the law furnishes the employee with good cause, attributable to the employer, to voluntarily leave employment. See Gorr v. Sheridan Travels, Inc., 655 So.2d 1310, 1311 (Fla. 4th DCA 1995)(employee showed good cause for leaving employment where employer required her to perform acts, such as unauthorized backdating of ticket orders, which she considered improper, unprofessional, and illegal). Additionally, an employee's fear of personal liability as a result of an investigation of his employer can be good cause to voluntarily leave employment. See Tarr v. Fla. Unemployment Appeals Comm'n, 651 So.2d 1246 (Fla. 2d DCA 1995)(employee's fear that he would be responsible for any EPA violations of employer was good cause). Thus, here, where competent, substantial evidence existed that Ayers reasonably believed she was required to perform illegal acts exposing her to liability, the UAC should have affirmed the decision of the appeals referee.
Furthermore, the UAC modified the appeals referee's findings and relied on facts not established at the hearing in making its decision. The law is clear that the UAC may not re-weigh the evidence. See Wall, 682 So.2d at 1187; Kelly v. Unemployment Appeals Comm'n, 823 So.2d 275, 279 (Fla. 5th DCA 2002).
Therefore, we quash the order of the UAC and remand for entry of an order in accordance with the referee's findings.

Motion for Attorney's Fees
We also find that counsel for Ayers is entitled to attorney's fees under section 443.041(2)(b), Florida Statutes (2001). It provides:
An attorney at law representing a claimant for benefits in any district court of appeal of this state or in the Supreme Court of Florida is entitled to counsel fees payable by the division as fixed by the court if the petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits than did the decision from which appeal was taken. The amount of the fee may not exceed 50 percent of the regular benefits awarded under s. 443.111(5)(a) during the benefit year.
As for the amount of fees to be awarded, the clear language of the statute mandates that the fees be "fixed by the court." As determined by the Third District in Cheung v. Executive China Doral, Inc., 638 So.2d 82 (Fla. 3d DCA 1994), this language requires that we set the amount of the fee. Procedurally, the Third District states that this should be done by having us appoint a commissioner of this court, such as a circuit or county court judge, in order to hear evidence, make specific findings as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), and to render recommendations regarding attorney's fee orders. See Cheung, 638 So.2d at 84-85. The Second District, however, in Berry v. Scotty's, Inc., 789 So.2d 1008 (Fla. 2d DCA 1998), did not follow Cheung and instead chose to relinquish jurisdiction to the appeals referee to conduct further proceedings. Id. at 1009. The Second District reasoned that the appeals referee would be more familiar with the factors necessary to apply Rowe in this setting. Id.
We believe that the procedure outlined in Cheung is the better one to follow to determine the amount of fees to be awarded because it most comports with the language in section 443.041(2)(b). Relinquishing jurisdiction to the appeals referee, on *1242 the other hand, would be inconsistent with the mandatory language of the statute directing the court to fix the fee. Furthermore, we agree with the Third District that having functionaries of the commission or the department determine the issue of attorney's fees to be awarded against the department is not appropriate and note conflict with Berry. See Savage v. Macy's East, Inc., 719 So.2d 1208 (Fla. 3d DCA 1998).
Accordingly, a separate order will be entered by this court appointing a commissioner. The order shall direct the commissioner to hold an evidentiary hearing, and thereafter file with this court a recommended order, with findings and conclusions consistent with the Rowe principles. If it appears that the proceedings will require more than thirty days, then the parties shall notify this court of the status. Upon receiving the commissioner's recommended order, this court, consistent with our statutory duty to "fix" the amount, will issue an order setting the amount of the award.
WARNER and STEVENSON, JJ., concur.