PER CURIAM.
The Appellant John Ortega appeals from the Unemployment Appeals Commission’s decision affirming the Appeals Referee’s determination that appellant is not entitled to unemployment benefits. Prior to the hearing in front of the Appeals Referee, appellee Symax Services Limited, appellant’s former employer, requested a continuance. The Appeals Referee responded to Symax’s request for a continuance by granting “the request to delay [Symax’s] appearance” and stating that the telephonic hearing would proceed as scheduled, without the presence of Symax. The Appeals Referee further stated, “If the appellant presents evidence which may constitute grounds for reversing the determination [denying benefits], another hearing will be scheduled. [Symax] will have an opportunity to appear and present evidence as well as review the evidence presented by the appellant.” Accordingly, Symax did not attend the hearing, and because the Appeals Referee found that appellant did not present evidence that required reversal, Symax has not presented evidence or attended a hearing.
Because appellant presented a prima fa-cie case entitling him to unemployment benefits, see Ayers v. Unemployment Appeals Comm’n, 848 So.2d 1239, 1240-41 (Fla. 4th DCA 2003) (affirming the referee’s determination that the employee quit with good cause where the employee left because she believed that her employer was illegally billing Medicare), Gorr v. Sheridan Travels, Inc., 655 So.2d 1310, 1311 (Fla. 4th DCA 1995) (holding that the referee properly concluded that the employee quit with “good cause” where the employee presented unrebutted evidence that she left her job because her employer was requiring her to backdate ticket orders, which employee considered improper, unprofessional, and illegal), and Kelly v. Dade County Sch. Bd., 872 So.2d 457, 458 (Fla. 3d DCA 2004) (finding no competent substantial evidence to support the referee’s determination in favor of the employer where the employer did not present any witnesses with personal knowledge of the claims and did not rebut the employee’s allegations), and Symax was not permitted to present contrary evidence, this *504 case must be remanded for a new hearing, where both appellant and Symax may present evidence.
REVERSED and REMANDED to the Unemployment Appeals Commission with directions to remand to the Appeals Referee for a new hearing.
BENTON, BROWNING and POLSTON, JJ., concur.