THOMPSON, J.
Sunset Park Church (“Sunset”) appeals as insufficient the trial court’s amended order[1] finding a complete absence of justi-ciable issues and awarding Sunset $10,000 attorney’s fees pursuant to section 57.105, Florida Statutes (2003). Gay, arguing that his claim was supported by the application of the law to the facts, cross appeals the award of fees. Sunset contends that the trial court erred because the award was made without requisite findings as to the number of hours reasonably expended and the reasonable hourly rate. We agree and reverse.
The award of attorney’s fees arose out of a dispute concerning Lawton Gay’s attempt to purchase land from Sunset. The trial court found that there was no contract for the sale of the property and that Gay knew this at the commencement of the lawsuit. The trial court concluded that Gay’s answer, defenses, and counterclaim were frivolous. Therefore, Sunset was entitled to attorney’s fees and costs. At the hearing on attorney’s fees *920 and costs, Sunset’s attorney presented evidence to prove that his firm billed Sunset $30,000 in attorney’s fees based upon 140 hours and an hourly rate of $235 or less. The attorney also presented evidence that it expended $320.43 in costs. The trial court disagreed that the hourly rate was reasonable for the county where the litigation was pending and entered a total judgment for $10,000, with no findings of fact.
We affirm the determination that Sunset is entitled to attorney’s fees and costs; however, we reverse and remand so the trial court can comply with the procedures outlined in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), to assess section 57.105 fees. The order awarding attorney’s fees contains no findings of fact. Thus we cannot determine how the trial court awarded $10,000. Under Rowe, the trial court must clearly articulate the basis for the fee. Key West Polo Club Developers, Inc. v. Towers Constr. Co., 589 So.2d 917 (Fla. 3d DCA 1991); see also Daniels v. Reeves, 712 So.2d 839 (Fla. 1st DCA 1998); Fernandez v. Chiro Risk Management, Inc., 700 So.2d 65 (Fla. 2d DCA 1997).
AFFIRMED in part; REVERSED in part, and REMANDED with directions.
MONACO, J., concurs.
SHARP, W., J., concurs specially, with opinion.

. The trial court amended the order finding that Gay’s attorney acted in "good faith” as defined by section 57.105, Florida Statutes (2003), and was therefore not liable for the attorney’s fees and costs incurred by Sunset.