PER CURIAM.
 

 Edgar Cortes, Luis Glorian, and Antoine Saint Paul, appeal the Public Employees Relations Commission’s (PERC’s) Order Affirming General Counsel’s Summary Dismissal of Amended Charges. Because we agree that PERC should not have summarily dismissed the appellants’ cases without an evidentiary hearing, we reverse and remand for an evidentiary hearing to determine whether appellants are owed their seniority.
 

 The facts of this case are undisputed. Edgar Cortes, Luis Glorian, and Antoine Saint Paul were hired into the Mechanic 1 Position by Miami-Dade County Transportation Department (County) in July 1996, October 1998 and July 1971, respectively. The Appellee, Transport Workers Union of America, Local 291, AFL-CIO (TWU),
 
 *759
 
 was the collective bargaining agent for the Mechanic Is. In 2003, Bus Mechanics Is and 2s and Bus Technicians were merged and retitled Bus Maintenance Technicians. All classifications were properly merged into seniority by date of hiring.
 

 In January 2003, Saint Paul was promoted to Production Coordinator. In February 2006, Cortes and Glorian were each promoted to Transit Mechanic Shop Supervisor. All were promoted out of the TWU bargaining unit and into the Government Supervisors Association, Local 100.
 

 On October 20, 2008, appellants received letters from the County stating that their current positions were being abolished and they must return to their former position of Bus Maintenance Technician. TWU placed appellants at the bottom of the seniority list, ignoring the date appellants were each hired and appellants’ proper seniority. The appellants were placed below approximately one-hundred fifty (150) Maintenance Technicians hired after them.
 

 On October 20, 2008, the date appellants received notice regarding their return to the bargaining unit, appellants complained to Melvin Gonzalez, TWU 291 Chief Shop Steward in charge of Seniority, and TWU 291 President Wessel Clark regarding their lost seniority. On November 5, 2008, appellants sent an email to J.W. Johnson, TWU International Vice President, requesting a meeting to discuss their lost seniority. On November 10, 2008, appellants met with J.W. Johnson and TWU 291 Vice President Renaldo Rivero regarding appellants’ lost seniority. There was no resolution of the seniority issue at this meeting, but J.W. Johnson said he would speak to Local President Wessel Clark and respond back to appellants.
 

 Appellants received no response. On November 21, 2008, appellants met with Wessel Clark. Clark promised to get back to appellants after the Thanksgiving holiday. On December 5, 2008, Wessel Clark contacted appellants and told them that there would be no changes made regarding their seniority. On December 12, 2008, appellants, pro se, filed unfair labor practice charges against TWU with PERC.
 

 On December 18, 2008, PERC’s General Counsel summarily dismissed the charges because PERC could not determine whether TWU prevented appellants from filing a grievance regarding their placement on the seniority list. Appellants filed an amended complaint against TWU on December 31, 2008, this time documenting their attempts to get TWU to rectify their placement on the seniority list. The General Counsel again summarily dismissed. On February 3, 2009, PERC issued an Order Affirming the General Counsel’s Summary Dismissal of the Amended Charges, finding that the General Counsel could not determine whether a breach of duty of fair representation occurred because appellants failed to file grievances, nor could it be determined whether the TWU’s failure to process the grievances was arbitrary, discriminatory or in bad faith. Appellants timely filed their appeal.
 

 Appellants contend that they were improperly placed at the bottom of the seniority list and that the Union officials had a duty to place them on the seniority list in accordance with the applicable contract. We agree.
 

 The Collective Bargaining Agreement between Miami-Dade County and TWU controls the terms and conditions of appellants’ employment. Article III.21, “Lineup And Seniority Retention” states: “A permanent employee, who is promoted or accepts a non-bargaining position, shall retain the seniority he had at the time he was promoted. This provision applies only to employees promoted on or after October 1, 1981.” Because appellants were all
 
 *760
 
 permanent employees, promoted after October 1, 1981, they should retain the seniority they had at the time they were promoted. TWU had a duty to appellants as members of the union to properly calculate their seniority dates. As evidenced by the record, TWU violated appellants’ rights by wrongfully placing them at the bottom of the seniority list and not crediting them with their prior earned seniority pursuant to the Collective Bargaining Agreement.
 

 In their dismissals of the appellants’ charges, both the General Counsel and PERC based their decision on the fact that they could not determine whether a breach of the duty of fair representation occurred because the appellants failed to file grievances and there was no allegation that the employees were prevented from filing a grievance. However, there is nothing in the Collective Bargaining Agreement that requires employees to file a grievance. In fact, we can find no authority, nor has PERC or TWU cited to any, that requires appellants to file a grievance with the union when their grievance is with the union itself. As such, it was error for PERC to determine that the filing of the grievance was a prerequisite to the filing of appellants’ unfair labor charges in their Amended Complaint because there is no support for this position. PERC’s General Counsel should not have summarily dismissed appellants’ Amended Complaint.
 

 Moreover, the second page of appellants’ Amended Complaint details the contacts between appellants and TWU and appellants’ attempts to contact TWU officials regarding filing a grievance. The record reflects that appellants timely contacted TWU officials as soon as they were notified that they were being removed from supervisory positions and were being put back into the TWU Bargaining Unit. It was only after repeated attempts to get TWU officials to do something about their seniority issue and after the TWU president told them that their placement was correct and nothing would be done to adjust their seniority that appellants filed their unfair labor practice complaint with PERC.
 

 A review of both the original Charge and the Amended Charge indicates that they both contained the following statement at line five: “The union or its agents have engaged in an unfair labor practice within the meaning of Section 447.501(2)(a) and Contract Article III.21 — Lineup and Seniority Retention.” In addition, section 447.501(2)(a), Florida Statutes, states:
 

 (2) A public employee organization or anyone acting in its behalf or its officers, representatives, agents, or members are prohibited from:
 

 (a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part or interfering with, restraining, or coercing managerial employees by reason of their performance of job duties or other activities undertaken in the interests of the public employer.
 

 The appellants clearly allege that the union or its officers interfered or restrained appellants in the exercise of their rights. The rights alleged to have been interfered with are those outlined in Contract Article III.21 — Lineup and Seniority Retention. As such, the Amended Complaint stated a prima facie case that TWU breached its duty of fair representation by arbitrarily, discriminatorily and in bad faith refusing to establish seniority as required by the contract. PERC should have allowed appellants to move forward to an evidentiary hearing, instead of summarily dismissing the Amended Charge and not allowing appellants the opportunity to present their case.
 

 
 *761
 
 Accordingly, we reverse PERC’s Order Affirming General Counsel’s Summary Dismissal of Amended Charges and remand for an evidentiary hearing to determine whether appellants are owed their seniority.
 

 Furthermore, pursuant to section 447.504(3), Florida Statutes (2009), we find that an award of appellate attorneys’ fees to appellants is warranted. As the non-prevailing party, TWU (the union) shall pay these fees. Accordingly, under
 
 Cheung v. Executive China Doral, Inc.,
 
 638 So.2d 82, 84 (Fla. 3d DCA 1994), we will appoint (by a separate order) a Miami-Dade County Judge to act as a commissioner of this Court to conduct a hearing below in order to determine an appropriate amount for appellants’ appellate attorneys’ fees in this matter.