OPINION AFTER REMAND
 

 GRIFFIN, J.
 

 Upon receipt of the decision of the Florida Supreme Court,
 
 Bionetics Corp. v. Kenniasty,
 
 69 So.3d 943, (Fla.2011), quashing the decision of this Court to the extent that it is inconsistent with the supreme court’s decision, we accordingly withdraw our prior opinion and substitute the following in its stead.
 

 Frank W. Kenniasty [“Kenniasty”] and Judith Deitz and William Moore d/b/a Teehniarts Engineering [“Deitz and Moore”] appeal the trial court’s entry of final judgment awarding Bionetics Corporation [“Bionetics”] $39,025.78 in attorney’s fees and costs against each pursuant to Section 57.105, Florida Statutes.
 
 [1]
 
 We affirm in part and reverse in part.
 

 This case arose as a result of Deitz and Moore having prevailed in earlier litigation. In that case, Bionetics had filed a complaint against Deitz and Moore in 1999, alleging an ownership interest in motion picture film-processing [“MOPIX”] equipment that Deitz and Moore had purchased from the Defense Reutilization and Management Office. In its complaint, Bionet-ics also sought sequestration of the MO-PIX equipment. The court granted an order of sequestration, and the MOPIX equipment was sequestered in a tempera
 
 *1073
 
 ture and humidity-controlled environment at Deitz’s and Moore’s facility. There, the MOPIX equipment remained substantially assembled.
 

 Deitz and Moore sought relief from the sequestration, offering to post a bond “in lieu of sequestration of the MOPIX [e]quipment so that [they] could continue their business opportunities.” Bionetics rejected the offer, and the trial court denied the motion. Later, Deitz and Moore filed a motion to amend the order of sequestration because the lease had expired on their facility. The trial court ordered the Sheriff to move the MOPIX equipment to Bionetics’ facility for storage.
 

 The ease went to trial and Deitz and Moore prevailed as the legal owners of the MOPIX equipment, and the trial court vacated the order of sequestration. When Deitz and Moore entered Bionetics’ facility, they found the MOPIX equipment in a seriously degraded condition in a non-secure area with “a leaking roof, no air conditioning units, ... lack of ventilation, and extreme filth and dust.” The equipment was disassembled and scattered on the facility’s floor.
 

 In 2001, Deitz and Moore, with Ken-niasty as counsel, filed a four-count complaint against Bionetics, alleging malicious prosecution in count one, negligent sequestration in count two, misappropriation of trade secrets in count three, and tortious interference with business relations in count four. Bionetics filed a motion to dismiss all counts. The trial court denied the motion as to count one, deferred in ruling as to count two, and granted the motion as to counts three and four with leave to amend.
 

 Deitz and Moore filed an amended four-count complaint on February 13, 2002, alleging malicious prosecution in count one, negligent sequestration in count two, misappropriation of trade secrets in count three, and tortious interference with business relations in count four. Bionetics once again filed a motion to dismiss all counts. The trial court granted the motion with prejudice as to count two, and with leave to amend as to counts one, three and four.
 

 On April 10, 2002, Deitz and Moore filed a second amended complaint, which consisted of six counts: malicious prosecution in count one, misappropriation of trade secrets in count two, tortious interference with business relations in count three, invasion of privacy in count four, trespass to property in count five, and violation of the Procurement Integrity Act (41 U.S.C. § 423) in count six. Again, Bionetics filed a motion to dismiss all counts. The trial court granted the motion with leave to amend counts one through five, and with prejudice as to count six.
 

 Deitz and Moore filed a third amended complaint on September 17, 2002, alleging malicious prosecution in count one, misappropriation of trade secrets in count two, and tortious interference with business relations in count three. Bionetics filed a motion to dismiss all counts. The trial court denied the motion as to count one but granted the motion as to counts two and three with leave to amend.
 

 On November 12, 2002, Deitz and Moore filed a fourth amended complaint, alleging malicious prosecution in count one, misappropriation of trade secrets in count two, and defamation in count three. Bionetics filed a motion to dismiss counts two and three. The trial court denied the motion as to count two, but granted the motion as to count three with leave to amend.
 

 On March 28, 2003, Bionetics filed a motion for award of attorney’s fees pursuant to section 57.105, Florida Statutes (2002). The trial court deferred consideration and ruling on the award of attorney’s
 
 *1074
 
 fees until the conclusion of the trial. The case was tried without a jury and, at the close of Deitz’s and Moore’s case, Bionetics moved for involuntary dismissal, which the trial court granted. On July 21, 2004, Bionetics filed a second motion for an award of attorney’s fees pursuant to section 57.105, Florida Statutes. The trial court awarded section 57.105 fees.
 

 Kenniasty and Deitz and Moore argue on appeal that the trial court erred in awarding section 57.105 fees because Bionetics failed to provide proper notice under the safe harbor provision of the statute. This has been decided against them in
 
 Bionetics Corp. v. Kenniasty,
 
 69 So.3d 943 (Fla.2011). Therefore, we affirm on that issue.
 

 Appellants also contest the award of fees for the tortious interference count under section 57.105. We are somewhat hampered in our examination of the trial court’s award of fees under section 57.105 for the tortious interference with business relations count because the judge who entered the order made no findings and he is now deceased.
 
 See Daniels v. Reeves,
 
 712 So.2d 839, 840 (Fla. 1st DCA 1998) (award of section 57.105 attorney’s fees reversed “because the order awarding attorney fees contain[ed] no findings of fact”);
 
 see also Glisson v. Jacksonville Transp. Auth.,
 
 705 So.2d 136, 137 (Fla. 1st DCA 1998). This matter is further complicated because the trial court’s sanction was for a claim it denominated “tortious interference with contract,” a claim never filed by Deitz and Moore. The complaints alleged “tortious interference with business relations.” There is simply no way to ascertain whether the trial court simply made a scrivener’s error or whether it made a substantive error.
 

 In
 
 Magre v. Charles,
 
 729 So.2d 440, 443-44 (Fla. 5th DCA 1999), this Court identified the four elements of tortious interference with business relations as follows:
 

 1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; 2) knowledge of the relationship on the part of the defendant; 3) an intentional and unjustified interference with that relationship by the defendant; and 4) damage to the plaintiff as a result of the breach of the relationship.
 

 Kenniasty contends that a cause of action for tortious interference with business relations was sufficiently stated and that the trial court erred in finding it frivolous either as a matter of law or fact. After examining this claim, we are bound to agree that it does not meet the threshold required for a finding of frivolousness under section 57.105. We reverse the award of attorney’s fees in favor of Bionetics.
 

 The trial court also erred in assessing costs against Kenniasty personally. Whether the quality of his representation might support a claim on the part of Deitz and Moore to recover any portion of costs assessed against them is not determinable in this appeal. Based on the foregoing, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 TORPY and JACOBUS, JJ., concur.
 

 [1]
 

 . Kenniasty and Deitz and Moore separately filed notices of appeal. This Court consolidated both cases for purposes of appeal.