340 So.2d 518 (1976)
Gerald W. YOUNG and Carlie Young, Husband and Wife, Appellants,
v.
George A. POTTINGER and Ludmila F. Pottinger, Husband and Wife, Appellees.
No. 76-639.
District Court of Appeal of Florida, Second District.
December 10, 1976.
Rehearing Denied January 10, 1977.
*519 George O. Kluttz of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellants.
Julian D. Clarkson, Fort Myers, for appellees.
GRIMES, Judge.
This is an appeal from an order dismissing the plaintiffs/appellants' fourth amended complaint with prejudice.
According to the complaint, in June of 1964 the plaintiffs entered into a written option to purchase certain real property from Mr. and Mrs. Sandberg. The period of the option was four years. Prior to its expiration in 1968, the plaintiffs and the Sandbergs entered into a written agreement extending the period within which the option could be exercised until June 15, 1970. Just before the end of the extended period, the plaintiffs exercised their option to purchase the property by notifying the Sandbergs in writing. It is alleged that the Sandbergs then requested the plaintiffs to delay closing because they were elderly and desired to continue residing on the property. The plaintiffs state that they agreed to this delay.
According to the complaint, Mr. Sandberg was blind and Mrs. Sandberg was in poor physical and mental condition. It was alleged that with knowledge of the plaintiffs' validly exercised option to purchase, the defendants/appellees procured the execution of a deed of the property by the Sandbergs without explaining to the Sandbergs that they were conveying their property to the defendants. Asserting a malicious interference with the contractual relationship between themselves and the Sandbergs, the plaintiffs sought damages and the imposition of a trust upon the property.
The sole basis upon which the defendants support the entry of the order below is that the complaint affirmatively shows that the plaintiffs were relying upon an oral extension of an agreement to convey real property in violation of the statute of frauds. This position is untenable for two reasons.
First, the defendants were not parties to the contract between the plaintiffs and the Sandbergs. Therefore, they are not in a position to raise the defense of the statute of frauds against this suit for tortious interference. It is irrelevant to this suit whether the Sandbergs could have successfully *520 raised the defense of the statute of frauds had the plaintiffs chosen to sue them. In Allen v. Leybourne, 190 So.2d 825 (Fla. 3d DCA 1966), the court held that the fact that there is not a right of action against the person who was induced or influenced to refuse to perform his agreement is not of itself a bar to an action against a third person who maliciously and wantonly procures the termination of or the refusal to perform the agreement. In explaining the rule, the court referred to Prosser on Torts, § 106, at pages 725, 726 (Second Edition 1955), and stated:
"Dean Prosser, in discussing the tort of interference with contractual relations states that:
`The agreement need not, however, be enforceable by the plaintiff as a contract * * * The law of course does not object to the voluntary performance of agreements merely because it will not enforce them, and it indulges in the assumption that even unenforceable promises will be carried out if no third person interferes. Accordingly, it usually is held that contracts which are voidable by reason of the statute of frauds, formal defects, a lack of consideration, lack of mutuality or even uncertainty of terms, still afford a basis for a tort action when the defendant interferes with their performance.' (Emphasis supplied)"
While that case involved a contract unenforceable because of lack of consideration, the principle would be the same with respect to the defense of the statute of frauds. See also Chipley v. Atkinson, 23 Fla. 206, 1 So. 934 (1887); and Franklin v. Brown, 159 So.2d 893 (Fla. 1st DCA 1964).
In the second place, even if the defendants had standing to raise the statute of frauds, we think the plaintiffs have pled themselves around this defense. The option agreement did not specify when closing should take place in the event the option was exercised. Therefore, it would be necessary to superimpose a requirement that the closing should take place within a reasonable time and consider this as a condition precedent to the consummation of the purchase. Even with the benefit of these assumptions, the defendants would still not prevail. This is well explained in 2 A. Corbin, Corbin on Contracts, § 310 (1950), which states in part:
"§ 310. Oral Waiver of Conditions and Estoppel to Assert Them  Effect of a Substituted Performance by the Plaintiff

The more difficult cases are not those where a substituted performance is being set up as a defense in an action for not performing as the previous writing required, but are those where the plaintiff has failed to perform some condition by reason of the defendant's conduct or has rendered a substituted performance with the defendant's oral consent and is nevertheless trying to enforce the defendant's promise of compensation.
Cases must first be distinguished where the plaintiff has failed to perform exactly as he promised, but where the part not performed did not go to the essence  that is, where the performance that did not occur was not a condition precedent (express, implied, or constructive) to the defendant's duty to perform his part of the written contract. The defendant's promise may have been wholly independent and unconditional; or it may have been conditional only upon performances that have in fact taken place and not at all upon that which did not take place and for which some different performance may orally have been substituted... .
* * * * * *
If the plaintiff has failed to perform some condition precedent (express, implied, or constructive) to the defendant's duty under the written contract, and that failure was caused by the defendant himself, can the plaintiff get judgment on the written contract without performing the condition? The answer is clearly yes; and the cases generally support the answer. Where `time was of the essence'  that is, where performance by the plaintiff within a specified time was a condition *521 precedent to the defendant's duty to perform his part  if the plaintiff has been caused to delay his performance beyond the specified time by the request or agreement or other conduct of the defendant, the plaintiff can enforce the contract in spite of his delay. This assumes that the non-performance of the condition was not caused by the plaintiff's own inability to perform, and that but for the defendant's request, agreement, or other conduct, the plaintiff would have performed the condition. If the defendant later repudiates or otherwise breaks the contract, he cannot use the plaintiff's failure to perform on time as a defense.
* * * * * *
It is obvious that in these cases of waiver and estoppel the parties have materially affected the legal operation of their written contract; and in some instances this has been partly brought about by an oral agreement for a substituted performance. It should be observed, however, that such an oral agreement is not enforceable as an executory contract. It is merely a part of the facts upon which the estoppel of the defendant is based. Some courts have failed to observe this distinction and have failed to recognize an estoppel where the party's conduct clearly called for one. The oral agreement does not itself create such an estoppel; there must always be a change of position in reliance upon it. Even then, the party estopped is merely held to his written promise, but on different conditions. The performance required of him is that promised by him in writing and not something new that he has promised orally."
The application of these principles is illustrated in the case of Warren v. Dodge, 83 N.H. 47, 138 A. 297 (1927), in which the court said:
"The plaintiff here, having relied upon the oral extension of time given by the defendants, is in the position of a party who has performed his part of the contract. She did all that they required her to do, and, if they accepted less or other than the contract called for, they may not say, after she has taken them at their word and acted thereon, that she thereby lost her rights under the contract. Enforcement of the doctrine of estoppel in such a situation is no limitation or qualification of the statute of frauds. The written contract remains unchanged, but the defendants, by reason of the situation brought about by reliance upon their own words and conduct, may not be heard to say that the plaintiff has not lived up to it. So far as they made a present to her of further time, and so far as she received and acted on it, it was a concession of their rights under the contract. The concession did not alter the terms of the contract. That the result would be the same if the extension had been by written contract does not mean the validation of the extension as an oral contract. The result comes about from action taken upon the extension, and the effect of such action the statute does not undertake to determine."
See also Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945); cf. Ginsburg v. Motsinger, 290 So.2d 509 (Fla. 2d DCA 1974).
The complaint stated a cause of action for tortious interference with the contract to purchase. The reasons for the delay in closing or whether the contract was abandoned are matters which can be developed by the testimony. For purposes of this appeal, the order of dismissal must be
REVERSED.
BOARDMAN, A.C.J., and SCHEB, J., concur.