408 So.2d 679 (1982)
AFFORDABLE HOMES, INC., Appellant,
v.
DEVIL's RUN, LIMITED, Appellee.
No. ZZ-178.
District Court of Appeal of Florida, First District.
January 5, 1982.
Rehearing Denied February 8, 1982.
Robert A. Stern, Gainesville, for appellant.
Phillip A. DeLaney, Gainesville, for appellee.
ERVIN, Judge.
Affordable Homes, Inc.'s appeal urges that the lower court abused its discretion in dismissing its amended complaint with prejudice for failure to state a cause of action. We agree and reverse and remand with instructions.
Affordable's two-count, amended complaint alleged breach of contract and sought in the alternative damages and specific performance. The subject of the complaint concerned two real estate land sale contracts. Under the terms of those contracts, Affordable agreed to purchase several lots from the appellee. One contract contained the following provisions:
At Paragraph 2.B.:
Buyer agrees to close at least two lots every 90 days from date of platting.
At Paragraph 2.C.:
Buyer agrees to close all lots within 270 days.
At Paragraph 2.G.:
In the event the buyer fails to close any of the above named parcels within the time specified, it will constitute a default and the Seller will have no further obligation to convey any of the remaining parcels.

*680 At Paragraph 15:
OTHER AGREEMENTS: This contract constitutes the entire agreement between the parties, and any changes, amendments, or modifications hereof shall be void unless the same are reduced to writing and signed by the parties hereto.
The body of the complaint contained general allegations that the appellant had performed all conditions subsequent and had tendered performance by being ready, willing, and able to close the bulk of the lots which remained unpurchased. However, the appellant's amended complaint also incorporated by reference the two subject land sales contracts as exhibits, as well as exhibit "D", a letter revealing that the appellant tendered performance on October 24, 1979, more than 270 days from the execution of the contract. The appellee moved to dismiss the amended complaint, asserting that the contracts on their faces showed a breach by the appellant prior to any alleged breach by appellee; that the amended complaint failed to allege tender of performance, and finally that paragraph 15 of the contract, the integration clause, prevented any extension of the closing dates contained therein, unless the extensions were in writing, and that the amended complaint and exhibits failed to show any such extensions.
At the outset we hold that the trial court had the authority to dismiss the amended complaint without prejudice. Although the appellant properly pled that it had performed all conditions precedent as required by the contracts, nevertheless, if "there is an inconsistency between the general allegations of material fact in [a] complaint and the specific facts revealed by [an] exhibit, and they have the effect of neutralizing each other, the pleading is rendered objectionable." Schweitzer v. Seaman, 383 So.2d 1175, 1178 (Fla. 4th DCA 1980). See also Plowden & Roberts, Inc. v. Conway, 192 So.2d 528 (Fla. 4th DCA 1966). Here, the appellant's exhibit "D" clearly reveals that the appellant's duty of performance was late.
However, the trial court abused its discretion in dismissing the complaint with prejudice. Generally, the trial court will give leave to amend a deficient complaint unless there has been an abuse of the amendment privilege, or the complaint shows on its face that there is a deficiency which cannot be cured by amendment. Anthony v. Jacksonville Transportation Authority, 383 So.2d 650 (Fla. 1st DCA 1980); Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980). Here, the record does not reveal that the appellant abused the amendment privilege. Moreover, the appellant has represented to this court in its reply brief that it would be able to allege additional facts and argue case law which would enable it to have a viable cause of action if such facts were alleged. Although the statute of frauds would prevent the appellant from establishing that an orally modified contract existed, see 11 Fla.Jur.2d, Contracts, § 160 (1979), the appellant, as it asserts in its reply brief, could plead a separate theory: estoppel or waiver, which has been inaccurately referred to as an exception to the statute of frauds. See Young v. Pottinger, 340 So.2d 518 (Fla. 2d DCA 1976). A cause of action can be stated under that theory if the appellant pleads that it detrimentally relied on an oral modification, such as an extension of the time of performance agreed to by the appellant. See Young, supra, p. 521. The basis of this theory is not contractual: "[T]he party estopped is merely held to his written promise, but on different conditions." Id. Additionally, as this is a non-contractual theory, the integration clause contained in paragraph 15 of the contract would have no effect.[1]
Reversed and remanded for further proceedings consistent with this opinion.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] There is conflicting authority as to whether such an integration clause can bar a subsequent oral modification of a written contract. See cases cited in 11 Fla.Jur.2d, Contracts, § 160 (1979).