PER CURIAM.
This is an appeal by defendant/counter-claimant from an order dismissing its three-count second amended counterclaim, without leave to amend.
The first count of the second amended counterclaim alleged that the appellee, landlord, breached a number of obligations which appellee allegedly owed to appellant, tenant. It was further asserted that the alleged breach of appellee’s obligations caused appellee to become unjustly enriched. Count two alleged tortious interference with appellant’s contractual and business relationships with its subtenants. Count three was based on alleged misrepresentation and fraud in the inducement to appellant’s execution of the lease agreements.
It is appellant’s contention that the trial court erred in dismissing its counterclaim for failure to state a cause of action and in refusing to allow appellant leave to amend.
We find no error in the court’s dismissal with prejudice of the second count of the second amended counterclaim for failure to state a cause of action since it is clear that the deficiencies in this count cannot be cured. However, the dismissal as to counts one and three should have been *1065 entered with leave to amend. Winfield v. Noe, 426 So.2d 1148 (Fla. 3d DCA 1983); Affordable Homes, Inc. v. Devil’s Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982); Wiggins v. Tart, 407 So.2d 1094 (Fla. 1st DCA 1982); Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980).
Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.