UPCHURCH, Judge.
This appeal arose out of an action by attorney Edward Hanlon, Jr., to recover his fee for representing A.P. Clark Motors in a legal matter. After deducting credits and a setoff from the reasonable fee for this service, the trial court found that Hanlon was entitled to $2,750. The court also awarded Clark some but not all of its costs.
On appeal, Hanlon argues that he is entitled, as a matter of law, to a fee of $83,750 as claimed. On cross-appeal, Clark argues that Hanlon is not entitled to any fee. Both of these arguments are without merit. The court’s determination of a reasonable fee for the services rendered is supported by the record and accordingly is affirmed.
On cross-appeal, Clark also argues that it was entitled to recover all of its costs pursuant to Florida Rule of Civil Procedure 1.442. This rule provides that if the judgment finally obtained by the plaintiff is not more favorable than the offer of judgment made by the defendant, then the plaintiff must pay the costs incurred after the making of the offer. This rule is couched in mandatory terms and is designed to induce a party to settle litigation and to avoid the necessity of a trial. Santiesteban v. McGrath, 320 So.2d 476 (Fla. 3d DCA 1975).
Here Clark served an offer of judgment for $5,000 on Hanlon in June 1984. The offer was not accepted and the trial was held in February 1985. The judgment finally obtained by Hanlon was for $2,750 which was less than the offer of judgment. After the judgment was filed, Clark moved to tax costs allegedly incurred after June 1984 in the amount of $1,204.80. The court granted Clark’s motion but only awarded costs in the amount of $237.25.
The order awarding costs indicates that a hearing was held on this matter but no transcript appears in the record. Perhaps *428 the court found that the remaining costs were unreasonable or were incurred prior to the offer of judgment. In the absence of a record establishing error, the order awarding costs must be affirmed.
AFFIRMED.
SHARP and COWART, JJ., concur.