WENTWORTH, Judge.
Appellant seeks review of an order by which a complaint for indemnification or contribution was dismissed. We find that the allegations of the complaint do not support a cause of action for either indemnification or contribution, and we therefore affirm the order appealed.
Appellant’s marriage to appellee was dissolved by a judgment which awarded appel-lee a parcel of property. The parties had previously held this property with a mortgage indebtedness as husband and wife, and the award was made pursuant to a stipulated property settlement agreement. Although the settlement agreement provid *375 ed that appellee would receive the property subject to the mortgage, neither the agreement nor the dissolution decree contained any other provision addressing the parties’ debt obligation in connection with this property. The settlement agreement further provided that the parties had no other written or oral agreements or understandings.
Appellant subsequently filed a complaint seeking indemnification or contribution from appellee. The complaint alleged that appellee had not made mortgage payments for the property awarded in the dissolution, and that a foreclosure action had been instituted against appellant, resulting in a deficiency judgment to which appellee was not a party. It further alleged that appellant had satisfied the judgment by a negotiated settlement, for which appellant sought indemnification or contribution.
Appellant’s conveyance of the property subject to the mortgage did not in and of itself create any right of indemnification. Alabama-Florida Co. v. Mays, 111 Fla. 100, 149 So. 61 (1933). While appellant’s complaint alleges a “verbal understanding” as to indemnification, this allegation is negated by the express and unambiguous terms of the settlement agreement. Since the agreement is unambiguous, parol evidence would be inadmissible. Lemon v. Aspen Emerald Lakes Associates Ltd., 446 So.2d 177 (Fla. 5th DCA 1984). The allegation of a verbal understanding being thus negated, it will not support a cause of action for indemnification. Cf., Affordable Homes Inc. v. Devil’s Run Ltd., 408 So.2d 679 (Fla. 1st DCA 1982).
Appellant’s claim for contribution is predicated upon an assertion that the parties were joint obligors on the mortgage debt. Insofar as the debt obligation was shared by the parties as husband and wife, Lopez v. Lopez, 90 So.2d 456 (Fla.1956), establishes that there was no right of contribution. When the parties’ marriage was dissolved the property was conveyed to ap-pellee by an instrument which did not reallocate the debt obligation. We conclude in accordance with Lopez that in these circumstances appellant has not alleged facts which would support a claim for contribution.
The order appealed is affirmed.
WIGGINTON and NIMMONS, JJ., concur.