529 So.2d 1266 (1988)
James TIEDEMAN and Albert Whitehead, Appellants,
v.
CITY OF MIAMI, a Municipality and Political Subdivision of the State of Florida, and Show Management, Inc., Appellees.
No. 87-2850.
District Court of Appeal of Florida, Third District.
August 23, 1988.
Kaplan, Sicking & Bloom and Kathleen M. Phillips, Miami, for appellants.
Lucia A. Dougherty, City Atty. and Linda G. Kelly, Asst. City Atty., Miami, Alley & Alley and John Edward Alley, Tampa, for appellees.
Before HUBBART and NESBITT and FERGUSON, JJ.
PER CURIAM.
The final order which denies the plaintiffs' motion for temporary injunction and dismisses the plaintiffs' motion for injunctive relief is affirmed upon a holding that (a) the complaint failed to allege, as required by law, see Boucher v. Novotny, 102 So.2d 132, 134-35 (Fla. 1958); Central & S. Fla. Flood Control Dist. v. Scott, 169 So.2d 368, *1267 370 (Fla. 2d DCA 1964), that the plaintiffs had standing under the special injury rule, or an exception thereto, to bring the instant lawsuit to open a temporarily closed public boat ramp at the Dinner Key Marina in Miami, Florida, see North Broward Hosp. Dist. v. Fornes, 476 So.2d 154, 155-56 (Fla. 1985); O'Dell v. Walsh, 81 So.2d 554, 555 (Fla. 1955); Paul v. Blake, 376 So.2d 256, 259 (Fla. 3d DCA 1979); and (b) it was plain on this record that the plaintiffs could not by amendment have possibly shown any standing to bring this lawsuit. See Mhoon v. Singleton, 503 So.2d 374, 375 (Fla. 1st DCA 1987); Winchester Corp. v. Miami Free Zone Corp., 443 So.2d 1064 (Fla. 3d DCA 1984); see also Dade County Police Benevolent Ass'n v. Metropolitan Dade County, 452 So.2d 6, 10 (Fla. 3d DCA 1984) (on rehearing), rev. denied, 461 So.2d 114 (Fla. 1985).
The final order which awards attorney's fees to the defendant Show Management, Inc. under Section 57.105, Florida Statutes (1987), is affirmed upon a holding that (a) the entire lawsuit presented no justiciable issue of law or fact because there was no way on this record that the plaintiffs could have ever shown standing to bring this lawsuit or could have otherwise succeeded on the merits, Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982); New England Rare Coin Galleries, Inc. v. Robertson, 506 So.2d 1161 (Fla. 3d DCA 1987); Puder v. Raymond Int'l Builders, Inc., 424 So.2d 78 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 888 (Fla. 1983); (b) attorney's fees were properly awardable under the above statute for, among other things, litigating the amount of fee to be awarded, cf. Johnson v. Mississippi, 606 F.2d 635, 637-38 (5th Cir.1979); Prandini v. National Tea Co., 585 F.2d 47, 53-54 (3d Cir.1978); Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282, 285 (Fla. 1st DCA 1982); and (c) there is no basis to upset the amount of the award as urged by the defendant Show Management, Inc. on the cross appeal. See Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139, 1143 (Fla. 1st DCA 1986); Hanlon v. A.P. Clark Motors, Inc., 487 So.2d 427, 427 (Fla. 5th DCA 1986); Florida Homes Constr. Co. v. Execu [*]Sys. of Cent. Fla., Inc., 393 So.2d 648 (Fla. 5th DCA 1981).
The final order awarding attorney's fees to the City of Miami under Section 57.105, Florida Statutes (1987), is reversed upon a holding that insufficient attorney time record documentation was adduced below to support such an award. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); Multitech Corp. v. St. Johns Bluff Inv. Corp., 518 So.2d 427, 434 (Fla. 1st DCA 1988).
Affirmed in part; reversed in part.