[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/13/99
THOMAS K. KAHN
CLERK

_____

No. 97-5485

_____

D. C. Docket No. 96-2653-CV-EBD

JEFFREY H. BECK, as Trustee of the
Chapter 7 Estate of Southeast Banking Corporation,

Plaintiff-Appellant,

versus

LAZARD FRERES & CO., LLC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 13, 1999)**

Before HATCHETT, Chief Judge, RONEY and FAY, Senior Circuit Judges.

PER CURIAM:

This is one of a series of cases in which the trustee for the bankrupt Southeast Banking Corporation has attempted to recover assets from the bank's former officers and directors, several accounting firms and a law firm. Plaintiff Jeffrey H. Beck, as trustee of Southeast Banking Corporation, sought to recover damages against the defendant investment firm of Lazard Freres & Co. for advice it gave concerning Southeast's acquisition of First Federal Savings and Loan Association of Jacksonville. The trustee alleged the defendant breached its contractual obligation

to Southeast in a letter giving its unqualified endorsement to the acquisition of First Federal Savings and Loan, which letter the directors relied upon in making the acquisition which turned out to be fatal to Southeast. The trustee alleged in detail that Lazard failed to honor its duty of care and good faith and failed to adhere to its duty to perform its services with reasonable care and industry standards. The district court dismissed the complaint as being barred by section 95.11(2)(b), Florida Statutes, the five-year breach of contract statute of limitations. We affirm.

Lazard Freres completed its contractual obligation and issued its assessment of the First Federal acquisition on September 15, 1988. Southeast's Board of Directors approved the purchase, and the acquisition was completed on December 30, 1988. This action for breach of contract was not filed until over eight years later on December 18, 1996. Thus, the suit is barred by the five-year statute of limitations, section 95.11(2)(b), unless the last fact necessary to the cause of action has occurred within five years preceding the date the suit was filed, or the statute is tolled from some reason.

The limitations period begins to run when "the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (1997). The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. *See Abruzzo v. Haller*, 603 So. 2d 1338,1340 (Fla. 1st DCA 1992).

The trustee made several arguments in the district court based on the view that the Florida statute does not begin to run until the party "discovered the breach." He argued that the date that Southeast filed for bankruptcy was the first date that Southeast could have discovered the breach and sought recourse for it. The district court properly held that the filing of a bankruptcy petition is not a necessary element of a breach of contract claim.

2

Admitting that under the general rules of agency the knowledge of the former officers and directors would be imputed to Southeast, the trustee argued two exceptions: (1) adverse interest, and (2) adverse domination. The contention was that Southeast could not have "discovered" the alleged breach until its adverse officers and directors who dominated the affairs of Southeast were removed.

The district court, following the argument that the statute did not begin to run until the breach of contract was discovered, nevertheless determined that the adverse interest and adverse domination theories would not toll the statute in this case. The reasons relied upon are adequately addressed in the district court's opinion.

A case from the Supreme Court of Florida, decided after the district court's decision in this case, makes it unnecessary to consider these alleged exceptions to the discovery rule, argued on this appeal. The Florida Supreme Court held that there is no discovery rule in section 95.11(2)(b) and that actions for breach of contract are barred five years after the cause of action accrued regardless of whether the plaintiff knew that it had a claim:

> Using the principle of statutory construction *expressio unius est exclusio alterius,* we conclude that the absence of such express language in section 95.11(2)(b), Florida Statutes(1981), is clear evidence that the legislature did not intend to provide a discovery rule in section 95.11(2)(b), Florida Statutes (1981). To conclude otherwise would require us to write into section 95.11(2)(b), Florida Statutes (1981), a discovery rule when the Legislature has not.

*Federal Ins. Co. v. Southwest Florida Retirement Center, Inc.*, 707 So.2d 1119, 1122 (Fla. 1998).

It is clear that all of the actions of the defendant which constitute a breach of contract occurred when the offending letter was delivered, and that the element of damage occurred when Southeast's Board of Directors approved the purchase of First Federal and the acquisition was completed on December 30, 1988. Since the limitations period began to run, whether or not the

3

breach had been discovered, the trustee's claim for breach of contract is barred by the statute of limitations.

**AFFIRMED.**