765 So.2d 737 (2000)
ABBOTT LABORATORIES, INC., Appellant,
v.
GENERAL ELECTRIC CAPITAL, etc., Appellee.
No. 5D99-2129.
District Court of Appeal of Florida, Fifth District.
May 19, 2000.
Rehearing Denied July 19, 2000.
*738 Jose E. Martinez of Martinez & Gutierrez, Miami, and Robert S. Hoofman of Pohl & Short, P.A., Winter Park, for Appellant.
Robert J. Stovash and Matthew W. Bennett of Morlan & Stovash, P.A., Orlando, for Appellee.
PETERSON, J.
Abbott Laboratories, Inc. ("Abbott") appeals a summary final judgment granted to General Electric Capital Corporation ("GECC"). Abbott contends that the contractual obligations enforced by the summary judgment are barred by the statute of limitations of section 95.11(2)(b), Florida Statutes (1997).
The facts are undisputed. On November 1, 1988, GECC and Abbott entered a Vendor Program Agreement (VPA) in which GECC was to provide customer financing in the form of leases and/or secured financing to support Abbott's domestic sales of medical equipment. The VPA provided:
VENDOR PROGRAM AGREEMENT
8. REPRESENTATIONS AND WARRANTIES. [Abbott] hereby represents, warrants and covenants to [GECC] ...
* * *
(e) [Abbott] will not amend, change, settle, or compromise any Transaction without the prior written consent of [GECC];
(f) there are and will be no agreements between [Abbott] or its agents and any Customer in connection with any Transaction, except as contained in any purchase agreement between such Customer and [Abbott] or its agents, ...
* * *
9. INDEMNIFICATION. [Abbott] shall indemnify and hold harmless [GECC], its affiliates, subsidiaries, employees, *739 officers, directors and agents, from and against any and all losses, claims ... or against [GECC], liabilities, demands and expenses whatsoever, including without limitation reasonable attorneys' fees and costs and the loss of Tax Benefits as defined in the applicable Tax Lease and any additional income tax liabilities resulting from the receipt by [GECC] of indemnities pursuant hereto, arising out of or in connection with any breach by [Abbott] of its representations, warranties or obligations hereunder or with any act, failure to act, omission, representation or misrepresentation (including but not limited to those in connection with the sale, use, operation, ownership, possession, servicing, maintenance or repurchase of the Equipment and any related servicing, maintenance or repurchase of the Equipment and any related operating system or application software and agreements and conduct relating thereto) by [Abbott], its affiliates, subsidiaries or dealers or the employees, officers or agents of any of the foregoing....
Ignoring the contractual restraint that there would be no extraneous agreements between Abbott and a customer for whom GECC would provide financing, Abbott entered into a separate agreement with customer Jeff Goodgame, M.D., P.A., in 1992. This separate agreement was entered into without GECC's knowledge. The separate agreement provided that Abbott would refund the purchase price of medical equipment to Goodgame or pay the balance on Goodgame's obligation to GECC if certain financial downfalls impaired Goodgame's medical practice.
Abiding by the terms of the VPA, GECC purchased medical equipment from Abbott and Goodgame leased the medical equipment from GECC. A personal guaranty (the "Goodgame Contract"), was also executed by Goodgame.
More than four years later, Goodgame defaulted on his obligation to GECC and the latter filed a breach of contract claim against Goodgame. Goodgame responded with a counterclaim against GECC for fraud in the inducement, alleging that GECC, together with Abbott, fraudulently induced Goodgame to enter into the Goodgame contract by making the representations, warranties and guaranties contained in the separate agreement with Abbott. Goodgame also filed a third party action against Abbott alleging that the conditions in its separate agreement had occurred and that Abbott was obligated to re-purchase the medical equipment.
GECC then amended its complaint to include two counts against Abbott, one for breach of the VPA by entering into the separate agreement and one for indemnity under the VPA for any amount which GECC was found to be liable to Goodgame. Both parties moved for summary judgment with Abbott specifically arguing that the applicable five year statute of limitation on contracts[1] barred GECC's causes of actions against Abbott. The trial court did not agree with Abbott, finding that GECC's causes of action against Abbott were not barred by the statute of limitations prescribed by section 95.11(2)(b), because the discovery rule was applicable. Under the discovery rule, the cause of action does not accrue until the breach is discovered by the suing party. The trial court then entered the summary final judgment in favor of GECC and against Abbott, finding that Abbott was liable to GECC on both the breach of contract and contract indemnification claims. Although Abbott's breach of the VPA occurred more than five years before GECC filed its suit, the trial court found that the discovery rule tolled the statute because GECC had no knowledge of the breach until Goodgame informed it of the separate agreement with Abbott in June, 1996.
In Federal Insurance Co. v. Southwest Florida Retirement Center, Inc., 707 *740 So.2d 1119, 1122 (Fla.1998), the supreme court specifically held that the limitation period in section 95.11(2)(b) is not tolled by the lack of discovery of a breach within the limitation period and that actions for breach of contract are barred five years after the cause of action accrued regardless of whether the plaintiff knew that it had a claim. The supreme court stated:
Using the principle of statutory construction expressio unius est exclusio alterius, we conclude that the absence of such express language in section 95.11(2)(b), Florida Statutes (1981), is clear evidence that the legislature did not intend to provide a discovery rule in section 95.11(2)(b), Florida Statutes (1981). To conclude otherwise would require us to write into section 95.11(2)(b), Florida Statutes (1981), a discovery rule when the legislature has not.
Id. at 1122; see also Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999).
Under section 95.11(2)(b), the limitations period begins to run when "the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (1997). The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. E.g., Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994); Abruzzo v. Haller, 603 So.2d 1338 (Fla. 1st DCA 1992). In the instant case, it is undisputed that the VPA is a valid contract, and that Abbott materially breached that contract when it entered into the separate agreement with Goodgame. As to the last element, GECC argues that damages did not occur until Goodgame defaulted on its obligation to GECC in January, 1997, and that therefore, its claims against Abbott, filed in 1998, are timely. Contrary to GECC's assertion, however, GECC's injury was simultaneous with Abbott's breach. GECC's injury occurred when Abbott entered into the Goodgame agreement at which time nominal damages had been sustained. See Muroff v. Dill, 386 So.2d 1281, 1283 (Fla. 4th DCA 1980). Because GECC filed its action in 1998, more than five years after Abbott materially breached the VPA, and thereby caused injury to GECC, GECC's breach of contract claim against Abbott is barred by section 95.11(2)(b).
However, GECC is not barred by the statute of limitations with respect to its indemnification count against Abbott. The indemnification portion of the VPA requires Abbott to reimburse GECC for satisfying any liability to Goodgame. But it is only upon Abbott's refusal to pay those amounts that a breach of the indemnity clause occurs.
Accordingly, the summary judgment granted to GECC on its breach of contract claim against Abbott is vacated and, on remand, summary judgment on this count in favor of Abbott shall be entered. The premature summary judgment granted to GECC on the indemnity claim is also vacated because it is unclear whether Goodgame has prevailed in its claim against GECC. It is only when and if Goodgame prevails that the amount of damages can be liquidated and demand can be made by GECC upon Abbott for indemnification.
REVERSED AND REMANDED.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] § 95.11(2)(b), Fla. Stat. (1997).