CASANUEVA, Judge.
The appellant, the Florida Department of Insurance, as the Receiver of Armor Insurance Company, a provider of workers compensation insurance, sued the ap-pellees, ADP Totalsource, Inc., and ADP Totalsource I, Inc., to recover workers compensation insurance premiums that *368 the appellant believed were owed. Upon the appellees’ motion to dismiss on statute of limitations grounds, the trial court dismissed the action with prejudice. We affirm in part and reverse in part.
The appellant argues that dismissal was error because the face of the pleadings does not show conclusively that the five-year statute of limitations bars this contract action. See § 95.11(2)(b), Fla. Stat. (1997); Burr v. Florida Patient’s Compensation Fund, 447 So.2d 349 (Fla. 2d DCA 1984). It further contends that certain provisions in the insurance contracts at issue tolled the statute of limitations until any alleged breach was discovered. We disagree and find the recent supreme court case of Federal Insurance Co. v. Southwest Florida Retirement Center, Inc., 707 So.2d 1119 (Fla.1998), controlling. Federal Insurance Co. held that the legislature did not provide for a discovery rule in the statute of limitations for actions based on a written contract. See id. at 1122; see also Abbott Laboratories, Inc. v. General Elec. Capital, 765 So.2d 737 (Fla. 5th DCA 2000); Dovenmuehle, Inc. v. Lawyers Title Ins. Co., 478 So.2d 423 (Fla. 4th DCA 1985). We also find that the appellant’s status as receiver does not change this result after Federal Insurance Co. As to the remaining arguments the appellant ably presents, we are not persuaded that a reversal is warranted.
The trial court dismissed this action with prejudice commenting that the undisputed facts giving rise to the statute of limitations defense were “the biggest roadblock ever seen.” We tend to agree with the trial court’s assessment of the situation. However, because the appellant has not had a first opportunity to amend its complaint in any substantive manner, we find the trial court abused its discretion in dismissing the complaint with prejudice. See Craig v. East Pasco Med. Center. Inc., 650 So.2d 179 (Fla. 2d DCA 1995); Affordable Homes, Inc. v. Devil’s Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982).
Accordingly, we affirm in part and reverse in part and remand the cause to the trial court with instructions to permit the appellant leave to file an amended complaint, if it can.
NORTHCUTT, A.C.J., and GREEN, J., Concur.