793 So.2d 1127 (2001)
YUSUF MOHAMAD EXCAVATION, INC., Appellant,
v.
RINGHAVER EQUIPMENT, CO., Appellee.
No. 5D00-1729.
District Court of Appeal of Florida, Fifth District.
September 7, 2001.
Terry L. McCollough of Terry L. McCollough, P.A., Orlando, for Appellant.
James M. Shuler and Ronald H. Trybus of Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A., Tampa, for Appellee.
PER CURIAM.
Yusuf Mohamad Excavation, Inc. (Excavation) appeals the final judgment entered by the trial court in favor of Ringhaver Equipment (Ringhaver), claiming that the trial court erred in concluding that all of Excavation's claims were barred by Florida's statute of limitations because the delayed discovery doctrine[1] is not applicable to actions for tortious interference with business relationships, defamation, or unfair and deceptive trade practices. We affirm.
In May 1999, Excavation filed suit against Ringhaver based upon conduct which occurred in 1990. Specifically, in count I of its complaint, Excavation averred that Ringhaver had tortiously interfered with its business relationship with Caterpillar Financial Services Corporation (Caterpillar) by advising Caterpillar that Excavation was in financial straits thereby causing Caterpillar to repossess equipment from, and to terminate a lease agreement with, Excavation. In count II, Excavation averred that Ringhaver's defamatory statements to Caterpillar concerning Excavation's financial status caused its business to fail. In count III of the complaint, Excavation averred that Ringhaver's actions constituted unfair and deceptive trade practices in violation of section 501.201 of the Florida Statutes (1989). Upon motion filed by Ringhaver, the trial court dismissed Excavation's complaint *1128 with prejudice based upon the applicable statute of limitations.
While acknowledging that the trial court was correct in dismissing its defamation claim, see Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, 629 So.2d 113 (Fla.1993), Excavation contends that the court erred in refusing to apply the delayed discovery doctrine to its tortious interference with business relationship, and unfair and deceptive trade practice claims. We disagree.
Section 95.11(3) of the Florida Statutes (1989) provides a four year statute of limitations for tortious interference, and for unfair and deceptive trade practice claims. See § 95.11(3)(f); (o), Fla. Stat. (1989). Thus, absent application of the delayed discovery doctrine, Excavation's causes of action against Ringhaver expired in 1994. In considering Excavation's request that this court extend the application of the delayed discovery doctrine to claims for tortious interference, and unfair and deceptive trade practice, we first recognize that no Florida appellate court has yet issued an opinion discussing this issue. We find significant however the fact that Chapter 95 of the Florida Statutes (1989) does not expressly provide for the application of the delayed discovery doctrine to either of these causes of action.
In Federal Ins. Co. v. Southwest Florida Retirement Ctr., Inc., 707 So.2d 1119 (Fla. 1998), under similar circumstances, our Supreme Court held that the delayed discovery doctrine did not apply to the plaintiff's cause of action based on an alleged breach of a construction contract since the applicable statute of limitations contained no deferral in the accrual of a cause of action based upon latent undiscovered defects. See § 95.11(2)(b), Fla. Stat. (1997). In so ruling the Court applied the expressio uninus est exclusio alterius principle of statutory construction to reach the conclusion that the absence of express statutory language providing for the application of the delayed discovery doctrine was clear evidence that the legislature did not intend for the doctrine to apply. The Court further noted that to decide otherwise would require the Court to write into the statute a delayed discovery rule even though the legislature had not done so. See also In re: Receivership of Armor Ins. Co., 775 So.2d 367 (Fla. 2d DCA 2000)(recognizing that the delayed discovery doctrine does not apply to actions on a written contract); Abbott Laboratories, Inc. v. General Elec. Capital, 765 So.2d 737 (Fla. 5th DCA 2000)(recognizing that the delayed discovery doctrine does not apply to breach of contract claims). Applying this same reasoning, we hold that the trial court correctly concluded that the delayed discovery doctrine is not applicable to causes of action for tortious interference and unfair and deceptive trade practices because section 95.11(3) is silent on the issue.
In closing, we reject Excavation's contention that the delayed discovery doctrine should be recognized in this case in light of the Supreme Court's decision in Hearndon v. Graham, 767 So.2d 1179 (Fla.2000). In Hearndon, the Supreme Court ruled that the delayed discovery doctrine postponed the accrual of a child's tort action against her stepfather, an action in which the child sought to recover damages resulting from injuries allegedly sustained by her as a result of her stepfather's sexual abuse, where the child claimed that she suffered from traumatic amnesia as a result of the abuse but that she filed her lawsuit shortly after she recalled abuse. In explaining its reasoning, the Court first distinguished between the concepts of the tolling of a statute of limitations and the accrual of a cause of action, and then held that the child's cause of action did not accrue until she overcame the results of the abuse and recalled her stepfather's wrongful conduct. In our view, the Court's ruling was consistent *1129 with the legislature's express policy relating to fraud cases in that, just as one should not be able to benefit from the expiration of the statute of limitations when the plaintiffs delay in filing suit is caused by the fraudulent conduct of the defendant, one also should not benefit when the defendant's wrongful conduct causes a mental condition which results in the plaintiff's delay in filing suit. We conclude that the decision in Hearndon was intended to be limited to its unique facts and thus is not controlling here.
AFFIRMED.
COBB, HARRIS and PALMER, JJ., concur.
NOTES
[1] The delayed discovery doctrine generally provides that a cause of action does not accrue, for statute of limitations purposes, until the plaintiff either knows or reasonably should know of the conduct giving rise to the cause of action. See Hearndon v. Graham, 767 So.2d 1179, 1184 (Fla.2000).