DAVIS, Judge.
Robert A. McMonigle challenges the trial court’s final judgment granting attorney’s fees to Ronald J. McMonigle, as Personal Representative of the Estate of John E. McMonigle, Sr. (“the Estate”), pursuant to section 57.105, Florida Statutes (1997).[1] We reverse.
Robert A. McMonigle and Ronald J. McMonigle are two of the four children of John E. McMonigle, Sr. (“the Decedent”). By the terms of his will, the Decedent devised his estate to his four children in equal shares and named Ronald as Personal Representative.
Prior to his death, the Decedent had certain physical limitations that required him to have assistance in performing even routine activities. For nearly three years prior to the Decedent’s death in 1999, Ronald assisted him with his banking and business affairs. During that time, Ronald stopped working and asked the Decedent for financial assistance. From 1996 to 1999, Ronald received checks worth approximately $84,000 from the Decedent. Ronald admitted that he did not repay these funds.
After the Decedent’s will was admitted to probate, Robert concluded that the money given to Ronald prior to their father’s death was in the nature of a loan rather than a gift. Accordingly, Robert took the position that Ronald should repay the money to the Estate. To secure this repayment, Robert filed a statement of claim in the Estate for $80,000.[2] Ronald, as Personal Representative, filed an objection to the claim.
Believing that probate law required the filing of a civil action within thirty days of the filing of the objection,[3] Robert then filed a separate cause of action in which he asked for declaratory relief in the form of a determination of what interest the Estate had in the $80,000 received by Ronald prior to the Decedent’s death. Robert also asked that a constructive trust be ordered to protect the $80,000 for the benefit of the Estate. Although the action was filed against Ronald individually and in his capacity as Personal Representative, the relief requested was specifically addressed to Ronald individually.
Ronald moved to dismiss, alleging that Robert did not have standing to file an action on behalf of the Estate to recover the funds.[4] In response to that motion, Robert filed an action in the probate case to remove Ronald as Personal Representative, alleging that since he held the con *371 tested funds in his personal capacity, he had a conflict with the Estate and should be removed so that another personal representative could file the action to recover the funds. The issue in the probate action was whether the money the Decedent gave to Ronald was a loan or a gift; if the money was a loan, Ronald would have a conflict with the Estate. The probate court determined that the money was a gift and denied Robert’s request that Ronald be removed as Personal Representative of the Estate. Robert immediately thereafter filed his voluntary dismissal of the separate civil action.
Subsequently, Ronald petitioned the trial court in the civil action to award attorney’s fees pursuant to section 57.105. The trial court granted the motion, citing Tiedeman v. City of Miami, 529 So.2d 1266 (Fla. 3d DCA 1988), in which the Third District concluded that a lack of standing may be the basis for a finding that a case lacks a justiciable issue of law or fact. Robert now appeals that award of attorney’s fees. We reverse.
Although Tiedeman does suggest that the lack of standing may be the basis of an award of section 57.105 fees, it does not require that the fees be awarded. Clearly, Robert did not have standing to bring the separate civil action. However, the factual issues raised in the civil action were the same factual issues litigated in the probate action seeking the removal of Ronald as Personal Representative. To award fees under section 57.105, the trial court must conclude there is a total absence of a justi-ciable issue of either fact or law. Haas v. Roe, 696 So.2d 1254 (Fla. 2d DCA 1997); Fernandez v. Chiro Risk Mgmt., Inc., 700 So.2d 65 (Fla. 2d DCA 1997). Since the factual issues here were actionable, the trial court abused its discretion by finding a total lack of justiciable issue of fact. Because we conclude there was a justicia-ble issue of fact, fees should not have been awarded under section 57.105.
Furthermore, we find the facts of this case to be similar to those in O’Brien v. Sarka, 613 So.2d 47 (Fla. 2d DCA 1993). In O’Brien, Sarka, who was serving as the guardian of the deceased at the time of the deceased’s death, filed an independent action against the estate to collect guardianship fees allegedly owed by the estate. O’Brien was a beneficiary of the estate and concluded that the personal representative had a conflict due to her business relationship with the guardian. Accordingly, O’Brien moved to intervene in the independent action, and the motion was granted. The guardian, Sarka, then moved for a judgment on the pleadings, which was granted. She then moved for section 57.105 fees against O’Brien, arguing that O’Brien should not have been allowed to intervene in the action as the estate already was represented and O’Brien’s interest was but a claim under the estate. The trial court awarded the fees, but this court reversed. “As a beneficiary, [O’Brien] was attempting to protect the assets of the estate. Although her intervention was invalid, the action was not so frivolous as to require that she and her attorney be punished for attempting it.” Id. at 47.
We find the O’Brien reasoning persuasive. Here, Robert had a factual issue that was justiciable. Although he initially chose the wrong forums in which to resolve the issue,[5] when he did file the proper action — the petition to remove Ronald as Personal Representative — and lost, he immediately dismissed the improperly filed civil action. This is not conduct that requires Robert and his attorney to be pun *372 ished by the awarding of section 57.105 fees. Accordingly, the trial court erred in awarding the fees.
Reversed.
CASANUEVA and KELLY, JJ., Concur.

. Robert filed his civil complaint on September 22, 1999. We note that section 57.105 was amended effective October 1, 1999. However, based on the stipulation of the parties, the trial court specifically based its final judgment on the preamendment version of the statute in effect as of the date of the filing of the complaint. Whether the amended statute is applicable to this case has not been raised on appeal, and our opinion does not address whether the result would be different if, in fact, the new statute were applied.

. We note without explanation that although Ronald admitted receiving $84,000 from his father, in the separate civil action, Robert sought to recover only $80,000.

. See § 733.705(4), Fla. Stat. (1997).

. Robert argues that he had standing to file the claim and the civil action to recover $207.64 in earnings on his father's trust account that belonged to him but were deposited by Ronald into the Estate account. However, neither the claim nor the independent action specifically asked for relief regarding these funds; both pleadings refer only to the contested $84,000.

. Robert was not a creditor of the Estate; thus, the statement of claim and the separate civil action were not the proper actions to attempt to collect the money for the Estate.