[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11242
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00980-CV-J-25JRK

K.C. TROWELL,

Plaintiff-Appellant-Cross-Appellee,

versus

SOUTH FINANCIAL GROUP, INC.,
a South Carolina corporation,

Defendant-Appellee-Cross-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 4, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant K.C. Trowell appeals the district court's partial

dismissal of his amended complaint for failure to state a claim for breach of

contract and the district court's denial of his motion to file a second amended complaint to add a claim for contract reformation. On July 16, 2004, CNB Florida Bankshares ("CNB") merged with Defendant-Appellee The South Financial Group, Inc. ("TSFG"). TSFG assumed all of CNB's existing assets and liabilities. Prior to the merger, Trowell served as president of CNB. As a substantial component of his compensation package, he received options for the purchase of CNB stock. Trowell acquired both Incentive Stock Options ("ISOs") and Non-Incentive Stock Options ("Non-ISOs"). Under the Internal Revenue Code, an ISO receives special tax treatment if it is exercised during an employee's term of employment or within three months of his or her termination. See 26 U.S.C. §§ 421-22.

In contemplation of the merger, Trowell and CNB entered into an agreement extending the time for Trowell to exercise his stock options ("Agreement"). The relevant paragraph states:

> Options: Attached as Exhibit A is a spreadsheet detailing all of the options to acquire CNB common stock held by Executive. Under the CNB Long Term Incentive Plan, upon Executive's termination of employment, options must be exercised within either 90 days or one year of termination. CNB agrees that immediately prior to the consummation of the Merger, it will cause the 90 day and one year limitation provisions in the Plan to be modified or waived with respect to the Executive's stock options and replaced with a five year termination. This modification or waiver shall not affect the

2

expiration date of each option as shown on the second page of Exhibit A.

On July 16, 2004, the day the merger was completed, Trowell's employment with CNB terminated. On September 1, 2005, a little over thirteen months later, Trowell sought to exercise his ISOs. Due to the expiration of more than three months from the date of his termination, TSFG informed Trowell that his stock options could only be exercised as Non-ISOs. Shortly thereafter, Trowell brought a breach of contract suit against TSFG in Florida state court.

TSFG removed to federal court and filed a motion to dismiss for failure to state a cause of action. On February 26, 2007, the district court entered an order finding that the complaint failed to allege that TSFG breached the Agreement or that Trowell suffered any damages. Trowell was given leave to amend his complaint within thirty days. Thereafter, Trowell filed an amended complaint setting forth his claims in greater detail. TSFG filed a partial motion to dismiss all claims premised upon on the assertion that Trowell should receive the benefits of favorable ISO tax treatment. On May 18, 2007, the district court granted the motion finding that the Agreement extended only Trowell's ability to exercise the options, not his ability to obtain favorable tax treatment for the ISO's under the Internal Revenue Code. Furthermore, the court determined that the Agreement

3

neither explicitly nor implicitly indemnified Trowell against such a loss. Trowell sought leave to file a second amended complaint to add a claim for reformation of the Agreement and attorney's fees. The district court determined that amendment would be futile, finding that the Agreement could never be reformed to provide tax favorable status to the ISOs under the Internal Revenue Code because more than three months had elapsed since Trowell's termination.

We review the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim <u>de novo</u>, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. <u>Henderson v. Washington Nat. Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006). We review the district court's denial of a motion to amend a complaint for an abuse of discretion, although the underlying legal conclusion of whether a particular amendment to the complaint would be futile is reviewed <u>de novo</u>. <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1012 (11th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 42 (2006).

Upon careful review of the record and consideration of the parties' briefs, we discern no reversible error. The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. <u>Beck v. Lazard Freres & Co., LLC</u>, 175 F.3d 913, 914 (11th Cir. 1999). Trowell has not asserted facts sufficient to allege breach of the Agreement. Trowell explicitly concedes that he

4

is not challenging his ability to exercise the options in general. The Agreement does not discuss the taxation of the stock options. There is no provision explicitly or implicitly agreeing to indemnify Trowell for the loss of favorable tax status. Under Florida law, where the contract "language is plain a court should not create confusion by adding hidden meanings, terms, conditions, or unexpressed intentions." Key v. Allstate Ins. Co., 90 F.3d 1546, 1549 (11th Cir. 1996). Thus, the district court did not err in finding that Trowell failed to state a claim for breach of contract and dismissing the amended complaint.

Furthermore, the district court did not abuse its discretion in denying leave to file a second amended complaint. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a district court need not allow amendment where it would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Trowell argued that the Agreement was intended to provide him with the ability to exercise tax preferred options at any time within five years of termination. Due to this mistake, Trowell sought leave to amend to add a claim for reformation. Assuming that there was a mutual mistake, there are no circumstances under which the Agreement could be reformed to provide tax preferred status to those options for five years after Trowell's termination. Under the Internal Revenue Code, an employee must exercise an ISO within three

months after termination in order to receive preferential tax treatment.  See 26 U.S.C. §§ 421-22.  A court cannot give effect to a proposed reformation that would result in an invalid or illegal contract.  See Hedges v. Dixon County, 150 U.S. 182, 192, 14 S. Ct. 71, 74-75, 37 L.Ed 1044 (1893).

In an attempt to avoid this conclusion, Trowell characterizes his claim as a request for reformation of the Agreement to provide the cash equivalent of the loss of these tax benefits.  However, a mutual mistake regarding the tax consequences of exercising the options at a particular time does not imply that the parties intended TSFG to bear the burden of that mistake.  Thus, the proposed amendment was futile and the district court did not err in denying leave to amend.  According, we affirm.[1]

AFFIRMED.[2]

---

[1] Rule 11 sanctions are warranted when a party "files a pleading in bad faith for an improper purpose."  Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotations omitted).  "Improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings."  Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1448 (11th Cir. 1998).  "The decision whether to impose Rule 11 sanctions is left to the district court's sound discretion."  Id. at 1447-48.  We conclude that the district court did not abuse its discretion in determining that there was no evidence that Trowell filed his complaint in bad faith for an improper purpose and denying TSFG's motions for sanctions.

[2] Appellant's request for oral argument is DENIED.