[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11503
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02982-WFJ-TGW


CECELIA N. KING,

                                                      Plaintiff-Appellant,

versus

JENNIFER BENCIE,
EDDIE RODRIGUEZ,
LYNNE DRAWDY,
SUSAN DOEBERLE,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Cecelia King, a citizen of Alabama proceeding *pro se*, filed a civil rights complaint against Jennifer Bencie, Eddie Rodriguez, Susan Doeberl, and Lynne Drawdy, all citizens of Florida, for numerous claims: breach of contract, fraudulent inducement, and gross negligence against Bencie; fraudulent concealment and civil conspiracy against Bencie and Rodriguez; tortious interference against Drawdy and Doeberle; and intentional infliction of emotional distress against all four defendants.

King alleged that the defendants engaged in conduct that damaged her after she was recruited and arrived in Florida to develop an indigent healthcare plan for Manatee County. The district court granted the defendants' motions to dismiss, finding that all of King's claims were barred by the applicable statute of limitations, that some of King's claims against Bencie were barred by *res judicata*, and that King failed to state a viable claim against Rodriguez, Drawdy, and Doeberl. On appeal, King argues that the district court erred in granting the motions to dismiss because it used the incorrect date as the date by which all her claims had accrued, inappropriately applied the doctrine of *res judicata*, and erroneously found that she had failed to state a claim.

After review of the record, we agree with the district court that all of King's claims are barred by the applicable statutes of limitations, and we therefore affirm.

2

**I**

A district court's interpretation and application of a statute of limitations is reviewed de novo. *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). A federal court sitting in diversity must apply the substantive law, including statutes of limitations, of the state in which it sits. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 961–62 (11th Cir. 2001).

Likewise, we review a district court's ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss de novo. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-pleaded facts are accepted as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). Because King proceeds *pro se*, we construe the complaint more liberally than usual. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

Exhibits attached to a complaint may be considered on a Rule 12(b)(6) motion, as they are considered part of the complaint. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). A court also may take judicial notice of matters of public record when considering a Rule 12(b)(6) motion, at least where the truth of the

3

statements in such records is not at issue for purposes of the motion to dismiss. *See* Fed. R. Evid. 201(b)(2).

## II

Each of King's claims—breach of contract, fraudulent inducement, gross negligence, fraudulent concealment, civil conspiracy, tortious interference with contractual relations in a business relationship, and intentional infliction of emotional distress—has a four-year statute of limitations.  Under Florida law, an action founded in negligence, a legal or equitable action founded on fraud, and a legal or equitable action on an oral contract all must be brought within four years. Fla. Stat. § 95.11(3)(a), (j), (k).  Similarly, a four-year limitations period applies to other intentional torts, except as otherwise provided in the statute.  *Id.* § 95.11(3)(o); *see also Newberger v. U.S. Marshals Serv.*, 751 F.2d 1162, 1166 (11th Cir. 1985) (holding that actions for conspiracy in Florida are governed by a four-year statute of limitations); *W.D. v. Archdiocese of Miami, Inc.*, 197 So. 3d 584, 587 (Fla. Dist. Ct. App. 2016) (observing that a four-year limitations period applies to claims for intentional infliction of emotional distress under Florida law); *Morsani v. Major League Baseball*, 739 So. 2d 610, 613 (Fla. Dist. Ct. App. 1999) (recognizing that a four-year limitations period applies to claims of tortious interference with contractual rights and advantageous business relationships).  A

limitations period begins to run from the time the cause of action accrues. Fla. Stat. § 95.031.

Florida law recognizes the doctrine of delayed discovery and provides that "a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon v. Graham*, 767 So.2d 1179, 1184 (Fla. 2000). Florida courts have expressly held, however, that this doctrine does not apply to claims of tortious interference. *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So.2d 1127, 1128 (Fla. Dist. Ct. App. 2001).

This suit was filed on December 12, 2017. Therefore, if King's claims accrued before December 12, 2013, they are barred by their applicable four-year statutes of limitations.

The district court found that all of King's claims had accrued by at least August 9, 2013, the date on which King's attorney sent a demand letter to defendants asserting that King had a claim for breach of contract. King was therefore aware of her breach-of-contract claim more than four years before filing her complaint in this suit.

As to the fraudulent-inducement, civil-conspiracy, and fraudulent-concealment claims, the record shows that the allegedly misleading statements meant to induce King to enter the contract and forgo other opportunities, as well as

an alleged cover-up of the fact that there was no funding for the position and that King would not be paid, all occurred prior to the August 9 letter.  King knew or should have known of these facts no later than that date.

As to the gross-negligence claim, King's own allegations in the complaint show that she was aware that Bencie had not appropriately secured the funding to pay King for her work as early as June 21, 2013 and no later than August 9, 2013 when she alleged damages for not having been paid for her work.  Accordingly, that claim is time-barred.  Fla. Stat. § 95.11(3)(a).

As to the tortious-interference claim, any damages that King suffered as a result occurred no later than August 9, 2013, when King was aware of the breach-of-contract claim.  And as noted, Florida law is clear that the doctrine of delayed discovery does not toll the statute of limitations for tortious-interference claims. *Yusuf Mohamad Excavation, Inc*, 793 So.2d at 1128.  Accordingly, it is also time-barred.  Fla. Stat. § 95.11(3)(o).

Finally, the intentional-infliction claim is likewise time-barred because any action causing emotional distress was done prior to August 9, 2013.  Fla. Stat. § 95.11(3)(o); *W.D.*, 197 So. 3d at 587.

6

*  *  *

The district court did not err in concluding that all of King's claims are barred by the applicable statutes of limitations.  We need not address the merits of the district court's other conclusions.

**AFFIRMED**.